The plaintiff, Caruso-Goll, a commercial co-partnership engaged in the real estate brokerage business, was employed by the defendant, Joseph D'Alfonso, under a written contract on March 1, 1940, to secure a purchaser for the real estate allegedly owned by the defendant located at No. 1132 Bourbon Street in the City of New Orleans. In compliance with this contract, the plaintiff on March 2, 1940, obtained a purchaser ready, able and willing to buy the property in accordance with the terms and conditions stipulated by the defendant. The defendant refused to accept the offer made by the prospect obtained by the plaintiff real estate firm on the ground that he, defendant, was not the sole owner of the real estate and that he was without right or authority to employ plaintiff to sell the property. Plaintiff thereupon brought this suit for the recovery of the stipulated commission under the written contract, contending that it had fully complied with its engagement and that the commission was earned when it produced a purchaser ready, willing and able to buy the property under the terms and conditions prescribed by the defendant.
The defendant admitted the signing of the contract of employment and that plaintiff produced a purchaser ready, willing and able to buy the property. He, however, denied responsibility for the commission on the ground that he signed the contract of employment in error of law and of fact because he was not the sole owner of the property; that he had only a small undivided interest in it subject to the usufruct of his mother and that he was not authorized by his co-owners to engage the services of the plaintiff.
After a trial on the merits of the case, there was judgment in favor of plaintiff for the commission together with interest and attorney's fees. The defendant has appealed from the adverse decision.
The defense set forth in defendant's answer is not well founded because it is the well settled jurisprudence of this State that a real estate agent, who is employed to sell property, need not investigate the title of his principal and that he is entitled to rely upon the vendor's representation that he can and will produce a valid and marketable title to the land. See Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556, 558.
Counsel for the defendant nevertheless contends that liability for the commission should not be imposed in the case at bar because it appears from the evidence that the plaintiff knew, at the time it obtained the contract of employment from the defendant, that the latter was not the owner of the property to be sold and that he had only the naked ownership of a small undivided portion thereof which was subject to the usufruct of his mother. In support of this contention, counsel depends upon the language of the Supreme Court in Mathews Bros. v. Bernius, supra, where it said: "Where * * * the broker's contract was to find a purchaser, his right to his commission is dependent upon whether he has found and produced one, who is able, ready, and willing to buy on the terms prescribed by his principal. When the broker produces such a purchaser, he is entitled to his commission, although the sale is not consummated, because of the inability of the vendor to comply with his offer. 2 C.J. pp. 769, 770. The broker, in such a case, in the absence of notice to thecontrary, has the right to act upon the assumption that his principal has a marketable title. * * *" (Italics ours)
The argument made by counsel must be rejected for two reasons: (1) The contention is not pleaded as a defense to the action in the answer and all evidence tendered to establish it was timely objected to by counsel for plaintiff at the trial, and (2) even though the evidence be considered, it is insufficient to persuade us that the plaintiff was aware of the fact that the defendant was not the owner of the property or that he could not deliver a marketable title to it in the event a purchaser was secured.
An examination of the answer shows that the sole defense to the suit is based on the ground that the defendant was under a *Page 122 
misapprehension as to his status at the time he signed the agreement as owner of the property. There is no averment contained therein that plaintiff, its agents or employees, had knowledge of the fact that he was not the lawful owner of the property and when, for the first time at the trial of the case, an attempt was made to offer evidence to that effect, it was promptly objected to by counsel for the plaintiff. This objection was properly sustained by the judge of the lower court at the outset of the proceeding, but later in the trial of the case the judge nevertheless permitted the defendant to testify that the plaintiff knew that he was not the owner of the property. This evidence should not have been received for the reason above stated.
Aside from this, however, even though the evidence be considered, we find that it is insufficient to warrant the conclusion that the plaintiff was aware of the fact that the defendant did not own the real estate. Mr. Paul Caruso, one of the members of the plaintiff concern who was called for cross-examination by counsel for the defendant, testified that, prior to the time his firm was employed by the defendant, he had shown the real estate to several prospective purchasers; that he asked the defendant's mother if she would care to list the property for sale with his firm and that she replied that the property was in charge of her son who was employed at the Whitney National Bank and that any agreement of employment would have to be taken up with him. Accordingly, says Mr. Caruso, he went to the Whitney Bank and the defendant, Mr. D'Alfonso, signed the agreement to employ his firm as agent to sell the property; that defendant did not say that he was not the owner and that, since he signed the contract as owner, he (Caruso) naturally assumed that such was the case. The defendant, on the other hand, says that Mr. Caruso was well aware of the fact that the property formerly belonged to his father and that, after his father's death, his mother had been placed in possession of it.
The foregoing evidence falls far short from establishing to our satisfaction that plaintiff knew that the defendant was not the sole owner of the house. The defendant signed the contract as owner and the plaintiff had the right to act upon the assumption that he had a marketable title to the property. It is true that, in Mathews Bros. v. Bernius, supra, the Supreme Court indicated that, if the broker has notice of the fact that his principal is not the owner or knows that his principal will not be able to produce a marketable title in the event a purchaser is found, the broker will not be entitled to a commission. But the notice referred to by the court in that matter is actual notice as the broker certainly is not nor should he be required to investigate the records of the conveyance office to determine whether the person who employs him is the record title holder.
Counsel for defendant finally maintains that the trial court was in error in permitting plaintiff to recover 25% of the amount of the commission as attorney's fees. This point is without merit. The contract of employment provides: "In case of employment of counsel to enforce this contract, I will pay twenty-five per cent additional as attorney's fees and all costs."
The foregoing provision is valid and the trial judge was correct in permitting plaintiff to recover the fees of the attorney employed by it to enforce the agreement.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed. *Page 123