JANVIER, Judge.
This is a suit by a real estate salesman against the real estate broker by whom he was employed. The salesman who, under his contract of employment, was entitled to 40% of the commission earned by the broker on sales negotiated by the salesman, contends that the broker had not the right to accept less than the full stipulated commission on a sales contract negotiated by the salesman, and thus reduce the amount to which the salesman would have been entitled had the full amount of the commission been insisted upon by the broker.
There was judgment in favor of the salesman and the broker has appealed.
Plaintiff is duly licensed as a salesman and defendant as a broker in accordance with the requirements of LSA-R.S. 37:-1431 et seq.
In the Successions of Camille Schmitt, wife of Desire Riche, and Desire Riche and of Peter Riche there were two portions of ground in New Orleans which were to be sold and Mrs. Dorothy D. Alexander, the administratrix of these three successions, obtained an order from the Civil District Court for the Parish of Orleans to sell the said properties for not less than $26,000 cash. The administratrix listed the properties for sale with the defendant broker instructing him to attempt to find a purchaser on the terms set forth in the judicial authorization.
Plaintiff, as salesman, secured an offer to buy the properties on the terms set forth in the judicial authorization, to-wit $26,000 cash. This offer was accepted and the purchasers deposited with the broker $2600 as ten per cent of the purchase price. The contract under which the purchasers agreed to buy the property provided for forfeiture of the deposit should they fail to consummate the purchase, and it also provided that the vendor, in the event of failure of the purchasers to take title, might declare the deposit forfeited or bring suit for specific performance.
The prospective purchasers were unable to secure the necessary remainder of the purchase price and were formally placed in default.
At this stage of the proceedings the ad-ministratrix, on advice of her attorney, filed in the Civil District Court a petition in which she set forth that the purchasers had defaulted and were willing to forfeit the deposit and that an investigation had shown that the said purchasers had “no appreciable estates” and that accordingly “a suit for specific performance would not be in the best interest” of the administration of the successions. She also alleged that “ * * * there is due Cliff Probst, Realtor, a commission of $1,900.00” and that “in a spirit of compromise and conciliation he is willing to accept the sum of $645, which is to be paid from the deposit of $2,600 in full and complete settlement of any and all claims.” She prayed for authority to settle the matter in accordance with her petition and obtained a judgment authorizing her to accept the forfeit of the deposit and out of it to pay to Probst $645 instead of the $1,290 to which he would have been entitled had he insisted on his full rights as contemplated by his contract. Probst then tendered to the present plaintiff 40% of $645 which he had received. This was refused and the present suit is the result.
*618 When plaintiff filed suit defendant, Probst, deposited in the registry of the Court $258 as 40% of the $645 received by Probst, and denied liability for any additional amount, taking the position that he, as the employer, had the right to compromise his claim even without the consent of the employee, and that since, in his judgment, it seemed best to make the compromise, he had done so. In addition to this defense Probst, the defendant, pleaded the prescription of one year.
Plaintiff withdrew from the registry of the Court the amount deposited and the matter went to trial on the issue of whether he was entitled to an additional $258.
There was judgment in favor of plaintiff as prayed for and defendant has appealed.
On behalf of the defendant it is argued that an employee in the position of plaintiff has nothing to do with the negotiations between the parties to the contract of sale and the employee may not complain about any agreement by the broker to reduce his commission in order to consummate a compromise. ’
So far as this record shows there was no compelling reason for the waiver by Probst of any part of the commission. There was not the slightest danger of loss by the ad-ministratrix nor of loss by Probst had the forfeit been unconditionally accepted.
Probst testified that, without the permission of the New Orleans Real Estate Board, or its executive committee he could not charge a lesser commission than that prescribed by the Board; that, at that time, the rate prescribed by the Board was five per cent on the first $25,000 of any sale and four per cent on any amount over $25,000 and that he had not obtained the permission of the Board to accept less than the stipulated amount. However, he said that it had been his practice where a compromise was advisable to accept a smaller amount.
Where there is some reasonable ground for believing that it is possible that a prospective purchaser who has made the necessary deposit may escape liability and may be able to avoid not only the forfeiture of the deposit but also refuse to take title, it may be that a real estate broker, in the interest of all concerned, may agree to reduce his commission if doing so will aid in effecting a compromise. Here, however, there is not the slightest hint that there was any possibility that the prospective purchasers could avoid liability. The petition of the administratrix in which she sets forth her reasons for accepting the forfeiture of the deposit shows that the prospective purchasers were willing to forfeit the deposit in full if she would surrender her rights to specific performance and that she desired to do so. The testimony of Probst himself leaves no doubt that, so far as his office was concerned, all that was required had been done and .that he could have insisted upon being paid his full commission.
There is argument to the effect that in such matters a commission is not earned until it is paid and that it is not paid until the sale is consummated by the passage of the act of sale and that, therefore, since there was no act of sale, there was only such commission as the broker might be willing to accept. It is true that in such matters the commission is not actually paid until the act of sale is passed, but we are certain that it is actually earned when the broker produces a purchaser who is ready, willing and able to pay the purchase price, and that when the deposit is made, the broker has earned his commission unless it should later develop that the purchaser can escape liability as a result of an improper act on the part of the broker or his salesman. Here there is nothing to indicate that there was the slightest thing that the broker or his salesman had done which might have given the prospective purchasers the right to avoid liability under their contract. There is a very vague *619 hint to the effect that, though the agreement to purcháse required that the price be paid in cash, the salesman had indicated that some form of financing might be acceptable. There is absolutely nothing to justify a holding that the salesman had in this way been to any extent at fault, and, if there was any such fault, no attempt was made to avail of it since the prospective purchasers made the deposit in cash and unconditionally agreed to forfeit it.
So far as the plea of prescription is concerned, we find that not only did the defendant concede liability for some amount by making a deposit in the registry of the Court, but we also find that if the prescription of one year is applicable, the running of prescription would have commenced to run only when the broker received his commission since it was only then that the plaintiff could have demanded his share thereof.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.