SAMUEL, Judge.
This is a suit by a corporation engaged in the real estate brokerage business for commissions allegedly earned. After a trial on the merits there was judgment in favor of the defendant, dismissing plaintiff’s suit at its cost. Plaintiff has appealed therefrom. ’•
On December 10, 1961 defendant and his wife executed a listing contract with the plaintiff by which they employed the latter to sell the property located at 1801 Lesseps Street in the City of New Orleans for *335 $13,300.00. On the next day, December 11, defendant and his wife made and signed an offer, submitted to them by plaintiff on what appears to be the usual real estate form, to purchase the property located at 1626 Gallier Street, also in the City of New Orleans, for the price of $20,300.00, which offer contained the following provision: “This agreement is subject to selling property located 1801 Lesseps within 60 days from this agreement.”
The following day, December 12, plaintiff presented to the defendant a written, signed offer, on the same type of form mentioned above, by B. J. Manning, Jr. to purchase the Lesseps Street property for $12,500.00 ($800.00 less than the price stipulated in the listing contract), which the defendant accepted and signed. The Manning offer contained the following provision: “Upon acceptance of this offer, vendor and purchaser shall be bound by all its terms and-conditions and purchaser becomes obligated to deposit with seller’s agent immediately 10% of the purchase price amounting to $125 0 00 ”. On the same day, December 12, the owner of 1626 Gallier Street accepted defendant’s offer to purchase that property. Neither sale was consummated and this suit is for plaintiff’s commissions on both sales.
Defendant was not the sole owner of the Lesseps Street property and for that reason was unable to convey title. He owned only an undivided interest with his sister, Mary Nell Bonnette. The property had been acquired by them by inheritance from their late mother and they had been placed in possession thereof by the usual judgment of possession. Plaintiff never obtained, nor did it attempt to obtain, the signature of Miss Bonnette to either the listing agreement or the acceptance of the offer to purchase the property. Manning, who made the offer to purchase, did not post the deposit required by the above quoted provision contained in that offer, nor did he ever make any deposit whatsoever and plaintiff made no effort to obtain the posting of the deposit.
On December 20 plaintiff called on Manning (he had also seen Manning the previous day) bringing with him a document in the form of a business letter which Manning signed. The letter stated that Manning had not made the deposit of $1,250.00 nor had he obtained the loan of $10,000.00 (the offer was conditioned upon the ability of the purchaser to borrow that sum upon the property as security) and that he, Manning, was no longer interested in purchasing.
Plaintiff relies upon the rule, established by a long line of jurisprudence, that where the broker’s contract is with the vendor he is entitled to his commission when he has found and produced a purchaser who is able, ready and willing to buy on the terms prescribed by his principal; in such a case, the broker, in the absence of knowledge or actual notice to the contrary, has the right to assume that his principal has a marketable title. See Rabito v. Probst, La.App., 125 So.2d 616; Probst v. Di Giovanni, 232 La. 811, 95 So.2d 321; Cox v. Green, La.App., 70 So.2d 724; Doll v. Russo, La.App., 7 So.2d 406; Caruso-Goll v. D’Alfonso, La.App., 1 So.2d 120; Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556. The defense, both in this court and in the trial court, is based upon two grounds: (1) prior to the signing of the listing agreement and the acceptance of the offer to purchase the Lesseps Street property plaintiff was given actual notice that the defendant was not the sole owner of that property; and (2) plaintiff is not entitled to a commission because Manning, the purchaser, defaulted in making the deposit when and as required by the contract.
The trial court agreed with both of defendant’s contentions and rendered its judgment accordingly. It found as a fact that plaintiff had received actual and timely notice that the defendant was not the sole owner of the Lesseps property and that the defendant’s wife had no ownership therein.
In the trial court counsel for plaintiff objected to the introduction of any testi *336 mony concerning oral notice of ownership in indivisión of the Lesseps property by the defendant and his sister on the grounds that such evidence violated the parole evidence rule. The objection was overruled and counsel makes the same contention before us. We are of the opinion that the objection was not well founded and that the ruling complained of was correct.
Proof of oral notice of only a partial ownership in the defendant could not have the effect of varying or altering the written documents, i. e., the listing contract and the Manning offer to purchase. Those documents contain no reference to such notice or absence thereof. Proof of notice was not made in connection with the written documents; it was made only in connection with the rule under which plaintiff seeks to collect its commissions and for the purpose of showing that this case comes under that portion of the rule which is to the effect that the agent cannot rely upon the marketability of the vendor’s title where the agent has received actual notice that the title is defective or, as here, that the vendor is not the sole owner of the property he seeks to sell. The rule does not prohibit the use of parole evidence to prove knowledge or notice of the lack of a marketable title. To do so would make the rule almost completely ineffective because of the fact that in practically all cases proof of such knowledge or notice can be made only by parole evidence. The evidence was properly admitted.
The evidence offered by the defendant to prove the giving of notice consisted of the testimony of the defendant and his wife. Each of them emphatically stated they had informed plaintiff’s representatives, before and at the time of the execution of the listing contract and of the acceptance of the Manning offer, that the defendant was not the sole owner of the Lesseps Street property and that defendant’s sister was a part owner thereof. The defendant’s wife testified she emphasized this, when she was requested to sign, by explaining that she had no interest in the Lesseps property and Miss Bonnette did. The evidence offered on the part of the plaintiff relative to the giving of notice consists of the testimony of four representatives of the plaintiff, two of whom negotiated the listing contract and two of whom negotiated the Manning offer, all four of whom testified that neither the defendant nor his wife ever informed them that defendant was not the sole owner of the property, and the testimony of another real estate agent who stated that, several years prior to the occurrence of the facts here involved, he had a listing agreement with the defendant involving the same piece of property and felt sure that his attention had not been called to the fact that there was another owner in addition to the defendant.
In view of the contradictory testimony it is obvious that, in order to arrive at a determination of whether or not notice was given, some of the witnesses must be believed and others disbelieved. The evaluation of their testimony rests upon many factors but does not include a consideration of the number of witnesses on each side; witnesses are weighed and not counted. The trial judge, of course, is in a better position to reach a correct conclusion. We apply the rule, so firmly established in our jurisprudence as to require no citation of authority, that on questions of fact involving the credibility of witnesses the trial judge will be reversed only for manifest error. We find no manifest error here. Accordingly, we accept the finding of fact that the defendant and his wife gave timely notice to plaintiff’s representatives that the defendant was not the sole owner of the Lesseps Street property and his sister was a part owner thereof.
As the sale of the Lesseps Street property could not be consummated because the defendant did not have marketable title, and as plaintiff had received timely notice thereof,[plaintiff is not entitled to a com *337 mission on the contract it obtained for the sale of that property.
Nor can plaintiff collect a commission on the contract to purchase and sell the Gallier Street property. As has been pointed out above, that contract contains a provision to the effect that the contract is binding only if the Lesseps Street property is sold within 60 days. No sale of the Lesseps Street property having been made, defendant is under no obligation to pay a commission for the procuring of the contract involving the Gallier Street property.
The first defense being determinative of this case, a consideration of the second defense, relative to the purchaser’s failure to make a deposit, becomes unnecessary.
The judgment appealed from is affirmed.
Affirmed.