SAMUEL, Judge.
This is an appeal from a summary judgment rendered in a concursus proceeding.
John R. Stark and Mrs. Ruth Goebel Mackey were equal owners in indivisión of immovable property in the City of New Orleans. Under an exclusive agreement, Mrs. Mackey, as half owner, employed Drackett & Drackett, realtors, to sell the property. Mr. Stark entered into a similar agreement with other realtors, Werner, McCann & Robertson, Inc. Subsequently, a third realtor, Trade Mark Realty, Inc., obtained a purchaser who offered to buy the property for the price of $34,500. The offer was accepted by both owners who signed a standard form contract to purchase and sell. The contract so signed called for an agent’s commission of 6% and specifically provided: “Commission to be divided equally between Werner, Mc-Cann & Robertson & Trade Mark Realty, Inc.”
With the possible exception of Trade Mark Realty, all of the parties were aware of these facts. When the act of sale was passed the notary was instructed to hold the sum of $2,070 pending amicable agreement relative to payment of the commission. No such agreement was reached and the notary filed a petition for this concur-sus, deposited the sum of $2,070 in the registry of the trial court, and caused all parties to be cited to appear and assert their respective claims.
The summary judgment is in favor of Trade Mark Realty and Werner, McCann, awarding to each of them one-half of the $2,070 commission on deposit, but subject to a deduction of court costs. Drackett & Drackett has appealed, conceding that Trade Mark is entitled to its one-half of the commission, but contending it is entitled to one-half of the sum awarded to Werner, McCann because the latter had no authority to represent Mrs. Mackey, the owner of only one-half of the property.
Appellant places some reliance on Wer-ner, McShan & Robertson, Inc. v. Bon-nette, La.App., 160 So.2d 334, which we find is not applicable. Insofar as the present matter is concerned, the cited case holds only that the real estate broker is not entitled to a commission when he is aware of the fact that the listing vendor owns only an undivided interest in the property and the sale fails because the other owner in indivisión refuses to convey.
Here Mrs. Mackey did not refuse to convey. To the contrary, she accepted the offer and executed the act of sale. As the offer provided the commission was to be divided equally between Werner, McCann and Trade Mark, Mrs. Mackey is bound by the terms of her acceptance. And as appellant’s claim is based solely on its listing agreement with Mrs. Mackey, it is not en *371 titled to a judgment in this concursus proceeding. If appellant has any claim at all, it is only against Mrs. Mackey.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.