## HARVEY v. SIMS.
### No. 17446.

Court of Appeal of Louisiana. Orleans.

Nov. 4, 1940.

Claude L. Johnson, of New Orleans, for appellant.

J. L. Warren Woodville, of New Orleans, for appellee.

JANVIER, Judge.

Stanley A. Harvey, a licensed real estate agent, sues Mrs. Emily Haurice Druilhet Sims to recover from her a commission claimed to be due resulting from the sale by her of certain real estate to Miss Helen Shorey. It is alleged that on March 21, 1939, Harvey entered into a written contract with defendant, under the terms of which he was given the exclusive right to secure a purchaser for the property in question. It is also alleged that, although he interested Miss Shorey in the property and, on several occasions, advised defendant that he was negotiating with her, de-

fendant, without his knowledge and without paying to him the commission, sold the property to Miss Shorey on January 6, 1940, for $3,150, and that, accordingly, since the contract so provided, there is due to petitioner a commission of 10 per cent., or $315, together with legal interest from judicial demand and an attorney's fee of 25 per cent., also stipulated for in the contract.

Defendant admits that the property was sold as alleged, but denies any indebtedness to plaintiff, averring that, though she signed "a blank form of a contract", Harvey knew at the time that she "was acting as administratrix of the succession of Gabriel Druilhet (her deceased husband) and had no authority to sign such contract".

Defendant further avers that on April 4, 1939, which was shortly after the contract had been signed and long before the property was sold, she, through her attorney, gave to Harvey written notice that she desired him to make no efforts to sell the property and directed him to destroy the contract and to "remove all signs from the said property". She further avers that "the said plaintiff was repeatedly advised to desist from any further effort to sell said property".

There was judgment below as prayed for. Defendant has appealed.

There is no word in the record to show that defendant was in any way imposed upon, or improperly influenced when she signed the contract, and there is no evidence whatever to substantiate the charge that the contract was signed in blank.

■ At the time at which defendant contracted with Harvey, she had not yet been judicially sent into possession of the property. That was of no moment. She was widow in community of her deceased husband, who, by will, had bequeathed to her his entire interest in the property. This he had the legal right to do, since he left neither ascendants nor descendants. From the very day of the testator's death defendant had "a right to the thing bequeathed". R.C.C. Art. 1626. All that remained was the pure formality of obtaining a judgment sending her into possession, and this judgment she obtained as soon as she desired to do so in order to make the sale to Miss Shorey.

■ The principle which was involved in Mathews Brothers v. Bernius, 169 La. 1069, 126 So. 556, 558, is applicable here: "* * * Where, as was the case here, the broker's contract was to find a purchaser, his right to his commission is dependent upon whether he has found and produced one, who is able, ready, and willing to buy on the terms prescribed by his principal. When the broker produces such a purchaser, he is entitled to his commission, although the sale is not consummated, because of the inability of the vendor to comply with his offer. 2 C.J. pp. 769, 770. The broker, in such a case, in the absence of notice to the contrary, has the right to act upon the assumption that his principal has a marketable title."

We next consider the defense which is suggested, though not definitely and expressly presented in the answer, that the contract, because of the written notice of April 4th, had been terminated before the sale was made. The contract, by its express terms, sets forth no date of expiration. But it does provide that it may be cancelled on 180 days' written notice. If it contained no other pertinent provisions, the notice might be given the effect contended for since the sale was made to Miss Shorey more than 180 days after the letter of April 4th was written by defendant's attorney to Harvey. But there is another clause under which it was stipulated that, "if this property is sold within 180 days after the termination of this contract to any person to whom S. A. Harvey may have submitted the property, directly or indirectly, while this contract was in force, the commission * * * shall be paid".

■ The record shows that, during the time within which the contract was in full force, the property was submitted by Harvey directly to Miss Shorey, and, in fact, that she made a substantial offer therefor. When, later, within the 180-day period following the termination of the contract, defendant sold the property to Miss Shorey, she rendered herself liable to Harvey for the commission stipulated for in the contract.

■ She is also liable for interest from judicial demand and for the attorney's fee agreed upon.

It is therefore ordered, adjudged and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.