172 So.2d 734 (1964)
Douglas C. LAWTON, d/b/a Lawton and Son, Contractor, Plaintiff-Appellee,
v.
Frank A. CAIN, Defendant-Appellant.
No. 10286.
Court of Appeal of Louisiana, Second Circuit.
December 1, 1964.
On Rehearing March 17, 1965.
Mcintosh, Hester & Gilfoil, and Voelker, Ragland & Fox, Lake Providence, for appellant.
Hamilton & Carroll, Oak Grove, for plaintiff-appellee.
*735 McHenry, Snellings, Breard, Sartor & Shafto, Monroe, for third-party defendant-appellee.
Before HARDY, AYRES and BOLIN, JJ.
BOLIN, Judge.
Plaintiff contracted to build an office and medical clinic for the defendant. After the architect certified the construction had been satisfactorily completed, Lawton & Son sued Dr. Cain for the alleged unpaid balance due under the contract. Following the disposal of some preliminary pleadings, defendant answered, denying the debt; filed a reconventional demand, a third party petition and supplemental petition by which he asserted claims for damages for alleged faulty construction against plaintiff-contractor, the architect and the respective surety and insurer of each. The parties made defendants in reconventional demand filed exceptions of no cause and no right of action, prematurity, improper accumulation of actions and improper joinder of parties, which were sustained resulting in dismissal of defendant's reconventional demand and third party petition. From this judgment defendant appeals.
The exceptions filed by the plaintiff-contractor and his surety, Central Surety and Insurance Corporation, were sustained by the trial judge based on his conclusion the written building contract made submission to arbitration a condition precedent to the defendant's reconventional demand.
The contract agreement was a three-page instrument but Lawton contends a seventy-nine page book of specifications became a part thereof by reference. Assuming for the sake of argument the "Specifications" were a part of the contract, the following provisions thereof become pertinent:
"* * * As the Architect is the interpreter of the conditions of the Contract, he is the judge of its performance.
* * * * * * *
"Except as above or as otherwise expressly provided in the Contract Documents, all the Architect's decisions are subject to arbitration.
* * * * * * *
"All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration. It is mutually agreed that the decision of the arbitration (sic) shall be a condition precedent to any right or legal action that either party may have against the others."
Based principally upon the above provisions, the trial judge held Dr. Cain was required to submit to arbitration any claims he had relative to the alleged faulty construction rather than litigating them in his reconventional demand. In his written reasons for judgment the district judge said:
* * * * * * *
"Under the wording of the contract between plaintiff and defendant, it is obvious that all decisions of the architect are subject to arbitration. Part 19(a) of the specifications states: `As the architect is the interpreter of the conditions of the contract, he is the judge of its performance.' The architect's acceptance of the building as completed, made on November 24, 1962, was, unquestionably, a judgment made by him as to the performance of the contract. The defendant obviously disagress with this decision of his architect. This being the case, the contract positively required the defendant, Dr. Frank A. Cain, if he desired to press his disagreement with his architect, to demand arbitration as to the decisions with which he disagreed. Part 20 of the Specifications, at page 18 thereof, provides: `It is mutually agreed that the decision of the arbitration shall be a condition precedent to any right or legal action that either party may have against the others.'"
The statutory law of arbitration in Louisiana as set forth in LSA-R.S. 9:4201 et *736 seq., recognizes the validity of arbitration clauses in written contracts. Again assuming for the sake of argument that the arbitration provision in the "Specifications" was in conformity with the Louisiana Statute, the crucial question is whether the right to demand arbitration as a condition precedent to institution of legal proceedings was waived by the contractor when he instituted the present suit.
The general rule is that the right to arbitrate, even though the contracting parties make it a condition precedent to instituting legal action, may be waived by the parties.
17A C.J.S. Contracts § 515(11), page 889:
"a. The right to enforce an arbitration agreement and stay proceedings at law pending arbitration may be lost or waived, notwithstanding a provision that decision by arbitration shall be a condition precedent to a right of legal action; and once abandoned or waived, it cannot be recaptured.
"There is no set rule as to what constitutes a waiver or abandonment of the right to arbitrate. The question depends on the facts of each particular case, and usually must be determined by the trier of facts. * * *"
* * * * * * *
"b. * * * Thus, bringing suit based on the contract without relying on the arbitration provision may constitute a waiver thereof, or a revocation of the arbitration provision." (Numerous cases cited in footnote.)
See also Am.Jur.2d, Vol. 5, Arbitration and Award, § 51, page 556, which states generally:
"The right to arbitrate given by a contract may be waived, even in those jurisdictions where a contract for arbitration is irrevocable. Such a waiver of arbitration may come before as well as after the commencement of litigation. The waiver may be either by express words or by necessary implication. Thus, where one party waives his right to arbitration, his conduct is clearly inconsistent with a claim that the parties were obligated to settle their differences by arbitration."
The record reflects the contractor filed suit on January 15, 1963, at which time he was well aware that Dr. Cain was contending his clinic building had not been properly constructed. On the dates of June 11, 1962, August 27, 1962 and September 27, 1962, defendant wrote letters to Paul Stewart, his architect, setting forth numerous complaints about the faulty way the building was being constructed. On November 1, 1962, Dr. Cain again wrote Stewart a letter wherein he referred to the previous letters and complaints made to him and said therein, among other things, "I have no intention of making any further payment until all of these defects have been corrected and the building ready for occupancy." Copies of this letter were sent to Lawton and his surety. After Dr. Cain learned the architect had issued a certificate of satisfactory compliance on November 24, 1962, he wrote him a letter on January 5, 1963, discharging him as his architect and a copy of this letter was likewise mailed to the contractor.
In view of the above chronological events, it is evident plaintiff filed suit against defendant for the alleged balance due on a building contract when he had been repeatedly put on notice that defendant was emphatically contending the workmanship was faulty. Therefore, under the provisions of the contract agreement and specifications it was the duty of plaintiff to submit such disputes and claims to arbitration prior to instituting legal proceedings. However, he did not choose to so do, but rather elected to litigate his claim in the forum of our courts, thereby waiving and abandoning the right to demand arbitration.
Once the defendant is sued in a court of law, he has a right to meet such suit with *737 any pleading's sanctioned by our law and jurisprudence, included therein being a reconventional demand. To say that the requirement to arbitrate applied only to defendant and not plaintiff would be most inequitable.
We hold plaintiff instituted the present action with notice that defendant had claims against him subject to arbitration and that when plaintiff chose to litigate these claims, he waived arbitration; consequently, defendant is entitled to assert a reconventional demand therein against the contractor and surety without first submitting his claims to arbitration.
Paul F. Stewart, architect, and his insurer, Continental Casualty Company were made third party defendants by supplemental pleadings in defendant's reconventional demands against the contractor and his surety. Stewart and his insurer contend this is an improper joinder of parties and that no cause or right of action exists for Dr. Cain against these parties. The lower court sustained these exceptions.
In general the asserted basis of liability of Stewart and his insurer to plaintiff is the same as Dr. Cain urges against the contractor in his reconventional demand. Cain alleges he has incurred damages in an amount of $39,000 resulting from breach of the combined duty owed him by both Lawton and Stewart. Lawton's action against Cain is for $18,046.95.
In sustaining the exceptions the lower court said:
"Third party defendant's exception of improper accumulation of actions, including improper joinder of parties, is based on the proposition that a defendant is limited by the Code of Practice as to whom he may reconvene against and as to whom he may make a third party defendant in a suit.
"Code of Practice [LSA-C.C.P.], Article 1061, provides as follows:
"`The defendant in the principal action may assert in a reconventional demand any action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands.'
"Obviously, a defendant may by reconventional demand only assert such, cause of action as defendant may have against the plaintiff in the principal demand. He can not, in the opinion of this Court, proceed by reconventional demand against anyone but said plaintiff.
"Code of Practice [LSA-C.C.P.], Article 1111, provides in part that:
"`The defendant in a principal action by petition may bring in any person, including a codefendant, who is his warrantor, or who is or may be liable to him for all or part of the principal demand.'
"It is, therefore, clear that defendant, Dr. Frank A. Cain, cannot make Paul F. Stewart a third party defendant by third party petition, because said Paul F. Stewart is not liable to Dr. Frank A. Cain for all or a part of Douglas C. Lawton's principal demand, to-wit: the balance due on the contract price."
This portion of the lower court's ruling was predicated partially on its dismissal of defendant's reconventional demand. Having concluded the reconventional demand should be heard on its merits, we think controlling is LSA-Code of Civil Procedure Article 1064, which provides:
"When the presence of parties other than those to the principal action is required for the granting of complete relief in the determination of a reconventional demand, the court shall order the plaintiff in reconvention to make such parties defendants in reconvention, if jurisdiction of them can be obtained."
*738 We have been cited to no cases interpreting the above provision, but it seems clear to us that it is applicable to this case and that Paul F. Stewart and his insurer are "parties * * * required for the granting of complete relief in the determination of a reconventional demand" and consequently are properly made "defendants in reconvention" within the contemplation of the article.
For the reasons assigned the judgment appealed from sustaining the exceptions is annulled, reversed and set aside, the exceptions are overruled and the case is remanded for further proceedings in accordance with law and consistent with this opinion. The costs of this appeal are assessed equally among all appellees, all other costs are to await the final determination of the cause.
Reversed and remanded.

ON REHEARING
HARDY, Judge.
In application for rehearing and briefs in support thereof, counsel for defendants have strenuously insisted that this court was guilty of grievous error in its opinion on original hearing by sustaining a defense of waiver in the absence of any pleading by defendant which presents such special defense. The burden of this argument is to the effect that this court has, on its own motion, erroneously considered and sustained a defense of waiver which our rules of civil procedure and the jurisprudence of this State require to be tendered by a special pleading.
This contention is not justified and arises from a misinterpretation of the expression of the court that plaintiff "waived arbitration". It is obviously, by reason of the emphatic protests of counsel, that the choice of language may have been unfortunate, but, certainly, the opinion of the court, taken as a whole, is not open to misinterpretation on this point.
The use of the objectionable word was not intended as a reference to the technical procedural term but was intended as descriptive of the effect of plaintiff's action. While we insist that the meaning of the court was and is abundantly clear, we will, nonetheless, attempt a further explanation in deference to the exhaustive development of counsel's argument on this point.
The position of the parties and their contentions must be borne in mind. The contract between plaintiff contractor and defendant owner provided for arbitration of specified differences and disputes with respect to the performance and execution of the contract. In this action plaintiff seeks recovery of the unpaid balance of the contract price. It is the viewpoint of this court that by this resort to litigation the plaintiff himself, "waived", that is, abandoned, disregarded, relinquished, surrendered, renounced, dispensed with, and superseded the procedure by arbitration as provided by the contract.
It is the further holding of the court that as the result of his institution of litigation, plaintiff cannot require defendant to resort to arbitration of those appropriate counter-claims which are connected with or related to plaintiff's demand and which are susceptible to establishment under the plea of reconvention.
Applicants further take exception to the holding of the court that plaintiff was under the duty of submitting the disputes and claims arising from the performance of the contract to arbitration prior to instituting legal proceedings. In support of this contention reference is made to certain conditions of the specifications. We have re-examined the contract and the specifications without discovery of any support for this specification of error. We did not hold that plaintiff was precluded from asserting his claim in a court of law by reason of his failure to arbitrate, but we did hold that once he elected to proceed by litigation he abandoned his right to relief by arbitration. Such an election by plaintiff *739 opened the door to whatever demands for relief defendant may be able to support on trial.
For the reasons assigned our original judgment in this cause is reinstated, and made the judgment of this Court.