REGAN, Judge.
This suit was instituted by Stan A. Plauche Real Estate Company, Inc., as third party plaintiff, against Anthony Matrana, third party defendant, endeavoring to recover the sum of $9,000.00,[1] representing a real estate commission, assertively due Plauche in conformity with a contract to purchase certain property listed with it by Matrana. This third party action emanated from a suit, by Jacob J. Kuhn, the prospective purchaser of the property against Plauche to recover the sum of $5,200.00, representing a deposit which he made when he signed the contract to purchase[2] the property from Matrana.
Matrana answered the third party petition and denied that any contract to sell or purcha.se had been perfected between Kuhn and himself, and therefore no commission was due to Plauche thereunder.
Prom a judgment in favor of the- third party plaintiff in the amount of $9,000.00, together with $1,500.00 attorney’s fees, the third party defendant has prosecuted this appeal.[3]
The record reveals that on November 16, 1961, the defendant entered into a “Sale Authorization” or listing agreement ¡with plaintiff for the sale of certain undeveloped or raw land located in the eastern section of Orleans Parish.[4] The contract provided that the seller was to receive a net price therefor of $46,000.00, and the agent was to retain any amount received in excess'thereof as its commission.
On January 4, 1962, another agreement was entered into, wherein the defendant offered to sell the property for $43,000.00 net instead of $46,000.00, and the agent *298 was to retain as its commission, any amount received in excess thereof. This contract, it will be observed, was written in the form of an agreement to-sell the property, rather than in’-the'form of a listing agreement. It was signed by the defendant and by P. Bruno oh behalf of the plaintiff.
On the same date, January 4, 1962, the plaintiff obtained from Jacob J. Kuhn an offer to purchase, whereby the latter agreed to buy the defendant’s property for $52,-000.00. This agreement was signed by Kuhn and by P. Bruno on behalf of the plaintiff..
- Finally, on the -same date, the plaintiff submitted to the defendant an agreement to purchase the property on behalf of Kuhn. However, Kuhn’s name, for obvious reasons, was never disclosed therein. Instead, the document is signéd as follows:
“Agent.'.for the - Purchaser as per written original in my files.
“/s/ Stan A. Plaudhe “STAN A; PLAUCHE R. E. CO. INC.
“I/wé accept the above in all its terms and conditions.
“/s/ A. Matrana”
■' The record further reveals that the property was originally acquired by the defendant under a bond for deed contract from Realty Holding Company, Inc., the predecessor’of Néw Orleans East, Inc., the present titleholder' of the land. This contract was executed during the existence of the marital community between the defendant and his late- wiíé;'‘ Gertha Lee Sanderson Matrana. Their two children, Sarah and Frances, inherited their mother's interest in the property upon.her death.
' ’ In consequence of the minors’ interest therein, court approval was required in order for the defendant, as natural tutor of the children, to-consummate the sale of the property. Approval was sought and subsequently denied by the Civil District Court, primarily because of the large amount of the agent’s commission, and unfortunately no appeal was prosecuted from that ruling, otherwise the whole case would be posed for our consideration. In any event, a clear and unencumbered title to the interest of the defendant and his children in the bond for deed contract could not be tendered to the purchaser. As a result thereof, the purchaser, Kuhn, instituted suit to recover his deposit from the realtor, who in turn filed this third party action against the defendant for its commission.
The defendant initially argues that the court erred in rendering judgment for the plaintiff’s commission when the sole cause of the defendant’s failure to tender title was the court’s refusal to approve the sale. This argument is supported, so counsel asserts, by the fact that the same judge of the Civil District Court rendered judgment in both cases.
It is well settled that the inability of a vendor to deliver title because of an impediment existing at the time of the signing of an agreement to sell, does not relieve him of liability either to the vendee or to the real estate broker, and that a broker, in the absence of actual notice, may assume that the vendor has a merchantable title.[5]
Defendant also insists that no contract ever existed between Kuhn and himself since the offer to purchase by Kuhn was never accepted by him, and was substantially different from the offer to sell made by him. This argument is predicated upon certain differences which exist between the first offer to sell made by him on January 4, 1962, and. the offer to purchase made on the same day*by Kuhn.
It is quite true, as urged by counsel, that an offer is not binding until accepted,[6] and that an acceptance does not *299 ripen an offer into a contract unless it conforms to the terms thereof.[7] However, it is also true that an acceptance need not be made in the same act or immediately in time after the offer is made.[8]
Kuhn’s offer to purchase does not conform in every detail with the offer to sell first made by the defendant, and it probably would not be sufficient to perfect a binding contract. However, the second document signed by the defendant on the day in question, which was an agreement to sell, conforms in every respect to the offer to purchase made by Kuhn. Consequently, the variance between defendant’s first offer to sell and Kuhn’s offer to purchase is immaterial, in view of the defendant’s subsequent execution of an instrument conforming to the terms of Kuhn’s offer. While they are not so designated, Kuhn’s offer to purchase in effect constituted a counter-offer, which was accepted by the defendant to form a binding contract.
Moreover, the Civil Code and the jurisprudence[9] emanating therefrom make it perfectly clear that the absence of both signatures on the same document does not affect the validity of a properly accepted offer. On the contrary, the offer and acceptance may be set forth in two separate documents.[10]
Obviously, this is a hardship case which would ordinarily require the invocation of equitable principles[11] if the positive law were silent, but to reach a different result we would have to take the existing law and the jurisprudence interpretative thereof upon the judicial anvil and hammer it into an unexpected shape.
For the foregoing reasons,, the judgment appealed from is affirmed. The. third party defendant is to pay all costs hereof.
Affirmed.

. The real estate company also sought to recover $3,000.00 in damages and $3,-000.00 for attorney’s fees.

. The judgment in favor of Kuhn against Plauche has not been appealed.

. Hereinafter, for the purpose of brevity, Stan A. Plauche Real Estate Company, Inc., will be referred to as the plaintiff, and Matrana as tbe defendant.

.The property in question is described as Lot #11, Section #1 of Parcel 10, Fau-bourg DeMontluzin, Parish, of Orleans, Measuring 300 feet front by 200 feet deep on U.S. Highway 90.

. Harvey v. Sims, La.App., 198 So. 389; Caruso-Goll v. D’Alfonso, La.App., 1 So.2d 120; Doll v. Russo, La.App., 7 So.2d 400.

. Civil Code Articles 1798-1803.

. Civil Code Article 1805.

. Civil Code Article 1804.

. Civil Code Article 1804; Treadaway v. Giangrosso, 16 So.2d 677; Blythe v. Hall, 169 La. 1120, 126 So. 679.

. Johnson v. Shreveport Properties, Inc., 213 La. 485, 35 So.2d 25; Union Sawmill Co. v. Mitchell, 122 La. 900, 4S So. 317.

 .O.O. Art. 21.
“In all civil matters, where there is no express law, the judge is bound to-proceed and decide according to equity. To decide equitably, an apjjeal is to be made to natural law and reason, or received usages, whore positive law is silent.”