223 So.2d 233 (1969)
TEXAS GAS TRANSMISSION CORPORATION, Plaintiff-Defendant in Reconvention-Appellee,
v.
Leo P. GAGNARD, Defendant-Plaintiff in Reconvention-Appellant.
No. 2695.
Court of Appeal of Louisiana, Third Circuit.
May 22, 1969.
*235 Roy & Roy, by Chris J. Roy, Marksville, for defendant-plaintiff in reconvention appellant.
Gold, Hall & Skye, by Leo Gold, Alexandria, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Deneyre, by Merrill T. Landwehr, New Orleans, for plaintiff-appellee.
Before TATE, SAVOY and CULPEPPER, JJ.
TATE, Judge.
The plaintiff ("Texas Gas") sues for tort damage. The defendant Gagnard reconvenes for his own and for his daughter-passenger's damages, alleging that Texas Gas's negligence, not his, caused the accident. This appeal is by the defendant Gagnard from a trial court judgment dismissing his reconventional demand upon an exception of no cause of action.
The issues of this appeal are: (a) Did the trial court properly sustain an exception of no cause of action to the allegations of the petition in reconvention?; and (b) May such exception properly be used by the plaintiff to question the cumulation by the defendant in the reconventional demand of a claim for his daughter's damages with the claim for those sustained by him individually?
The allegations of the plaintiff Texas Gas's petition show: Texas Gas's truck was damaged in an intersectional collision. The defendant Gagnard ran a stop-sign at the intersection.
By his answer, Gagnard denied the allegations as to his own negligence and also filed a reconventional demand. By this incidental action, he sought to recover damages sustained in the accident, both for himself individually and also for his minor daughter, as administrator of her estate (being the proper party to assert this claim for her, LSA-CCP Art. 683).
Gagnard's reconventional demand is based upon allegations that the sole proximate cause of the accident was the negligence of the Texas Gas driver in entering the intersection under the circumstances. The allegations include, among others, that the Texas Gas driver entered at a high rate of speed and without adequate observation.[1]
*236 Other allegations of negligence are also made which raise interesting questions of law (see footnote 1), but it is unnecessary to consider them: For the petition states a cause of action, since the driver on the right-of-way thoroughfare may nevertheless be held solely or concurrently negligent when through his excessive speed and inadequate lookout he collides with a vehicle entering from the side-way. Demerest v. Travelers Insurance Co., 234 La. 1048, 102 So.2d 451; West v. Ryder Truck Lines, Inc., La.App.3d Cir., 218 So. 2d 106; Robert v. Travelers Indemnity Co., La.App. 1st Cir., 196 So.2d 657; Davis v. Bankston, La.App.3d Cir., 192 So.2d 614.

1.
The trial court therefore was in error in sustaining the exception of no cause of action to the reconventional demand. An exception of no cause of action is tried on the face of the petition, with all of its well-pleaded facts being accepted as true; the exception must be overruled if such allegations set forth a cause of action as to any part of the demand. LSA-CCP Art. 931; Elliott v. Dupuy, 242 La. 173, 135 So.2d 54.
In tort suits, the exception does not lie unless the petition affirmatively establishes that under no evidence admissible under the pleadings may the defendant be held negligent, or unless the allegations affirmatively establish the contributory negligence of the plaintiff and exclude every reasonable hypothesis other than that such contributory negligence was a proximate cause of the accident. Gilliam v. Lumbermens Mutual Cas. Co., 240 La. 697, 124 So.2d 913; Johnson v. Aetna Insurance Co., La.App.3d Cir., 219 So.2d 563, 564, and decisions therein cited.
The exception of no cause of action must be overruled as to Gagnard's claim for his own individual damages. Evidence admissible under the pleadings could prove that a proximate cause of the accident was Texas Gas's driver's excessive speed or deficient lookout. The allegations of Gagnard's reconventional demand do not affirmatively establish his contributory negligence.

2.
Texas Gas further contends, however, that the exception of no cause of action should be overruled, at least insofar as it asserts a claim for Gagnard's daughter's injuries. Texas Gas points out that a reconventional demand is available only to "the defendant in the principal action" to assert "any action which he [i. e., Gagnard, individually] may have against the plaintiff in the principal action [i. e., Texas Gas] * * *." LSA-CCP Art. 1061. Since Gagnard was made defendant in the principal action only in his individual capacity and not as administrator of his *237 daughter's estate, Texas Gas contends that in this latter capacity Gagnard is not a "defendant" entitled to assert a reconventional demand against the plaintiff in the principal action.
In Louisiana, each party's demand for the enforcement of a legal right against each defendant is regarded as a separate action which may be cumulated in a single suit, providing (a) there is a community of interest, (b) each of the actions is within the jurisdiction of the court and at the proper venue, and (c) all actions are mutually consistent and employ the same form of procedure. LSA-CCP Arts. 421, 461, 463. Additionally, incidental actions (reconvention, intervention, and third-party demand) may be instituted within a principal suit. Arts. 1031, 1032.
For pleading purposes, the incidental action is independent of the principal action. LSA-CCP Arts. 1031-1040; cf. LSA-CCP Art. 1156. Exceptions, motions, and an answer must be filed by those made defendant in an incidental action, and these pleadings are regulated by the same provisions as govern the filing of similar pleadings in the principal action (except that an objection to improper venue may not be urged if the principal action is properly venued).[2] LSA-CCP Arts. 1034, 1035.
The exception questioning the defendant's joinder in his reconventional demand of his daughter's claim with his own individual claim for damages presents, technically, a question of improper cumulation of actions. This objection is properly raised by the dilatory exception urging such improper cumulation. LSA-CCP Art. 926(7).
The objection is not properly raised by the peremptory exception pleading no cause of action. LSA-CCP Art. 927(4). This questions solely whether the factual allegations of the petition set forth a cause of action in favor of the party pleading them. See Elliott v. Dupuy, 242 La. 173, 135 So. 2d 54, and discussion above. Since the allegations of the reconventional demand do set forth a cause of action in favor of Gagnard's daughter, it must be overruled.

3.
Nevertheless, the dilatory objection[3] is not waived if pleaded prior to answer or default, unless not pleaded at the time of filing of a prior declinatory or dilatory exception. LSA-CCP Arts. 926, 928. That is, the filing by Texas Gas of its peremptory exception pleading no cause of action will not bar it from filing, prior to answer or default, a subsequent dilatory exception pleading improper cumulation.
Therefore, although the question is strictly speaking not before us, we deem it proper to determine the matter of improper cumulation, obviously a serious procedural *238 issue, in the interest of judicial efficiency and to avoid the occasion of a second appeal and a second remand. Bielkiewicz v. Rudisill, La.App.3d Cir., 201 So.2d 136.

4.
In our opinion, the demand for damages sustained by the daughter may properly be determined within the principal suit, which was brought by the plaintiff against the defendant to recover other damages arising out of the same accident.
In the first place, the daughter could properly institute her claim (through her father, Article 683, as administrator of her estate) as an intervention. This incidental action is available to a third person demanding similar relief against one of the principal parties arising out of a right related to or arising out of the pending principal and incidental actions. LSA-CCP Art. 1091; Bellow v. New York Fire & Marine Underwriters, La.App.3d Cir., 215 So.2d 350.
Further, as the Bellow case notes, the incorrect designation of the incidental action herein as a reconventional demand does not prevent the court from considering it as an intervention. See also Treigle v. Patrick, La.App.4th Cir., 138 So.2d 652.
The Bellow decision notes the general policy of the 1960 Code to favor efficiency of judicial administration and to avoid a multiplicity of suits requiring multiple trials concerning the same facts. A similar policy is instanced by the Code's provision strengthening the right of two or more parties to cumulate their actions where there is a community of interest arising out of their presenting the same factual issues. LSA-CCP Art. 463 (see especially Official Revision Comment (c)).
The Code's policy in this regard is further manifested by Article 1064. This permits the joinder of other parties when their presence is "required for the granting of complete relief in the determination of a reconventional demand * * *." A proper interpretation of this article might well permit joinder in this suit of the daughter as a party. See Lawton v. Cain, La.App.2d Cir., 172 So.2d 734.
Decree.
For the reasons assigned, we reverse the judgment of the trial court sustaining the exception and dismissing the defendant Gagnard's reconventional demand; we remand this case for further proceedings consistent with our opinion herein. All costs of this appeal are to be paid by Texas Gas Transmission Corporation, the appellee; all other costs to await the final determination of these proceedings.
Reversed and remanded.
NOTES
[1] Allegation 10 of Gagnard's reconventional demand is, in full:

"At the time that this accident occurred, allegedly there was a stop sign on DeSoto Street in Alexandria, Louisiana at its intersection with Sixth Street; that the stop sign was there illegally and not as a result of the city council of Alexandria placing same there, and more particularly, in the past, vehicles proceeding on DeSoto Street were given the right-of-way over proceeding on Sixth Street, all of which was known to the driver of the truck of plaintiff and defendant in reconvention, Texas Gas Transmission Corporation; that more particularly, since the stop sign on DeSoto Street was not there properly or legally, then pursuant to the laws of the State of Louisiana, vehicles traveling to the right of a vehicle entering an unmarked intersection have the right-of-way and therefore as a legal matter, petitioner's driver of the truck did not have the right-of-way but same was in favor of defendant and plaintiff in reconvention, Leo P. Gagnard, and for these reasons, Leo P. Gagnard was not at fault but the accident was caused by the negligence, carelessness and recklessness of Robert C. Cunno, driver of the Texas Gas Transmission Corporation truck in his:
"a. Failing to yield the right-of-way;
"b. Entering an intersection at a high rate of speed under the circumstances;
"c. Failing to see what he should have seen;
"d. Failing to yield the right-of-way to vehicles entitled to it; and
"e. Crashing into the automobile of Leo P. Gagnard thereby inflicting injuries on him and his family."
[2] The present writer was the organ of this court in Davis v. Bankston, La.App. 3d Cir., 192 So.2d 614. We held there that a dilatory exception to an incidental action is not waived by a failure to plead it prior to answer. We reached this conclusion based upon an erroneous construction of LSA-CCP Art. 852, which provides that `"all new matter alleged in exceptions, contradictory motions, and answers" is considered denied or avoided without formal pleading to such effect.

In so holding, however, we overlooked that an incidental action pleaded in an "answer" to a principal action is, even though incorporated in such answer, a "petition" in the incidental demand. LSA-CCP Art. 1032. This being so, Article 852 does not permit the court to consider denied or avoided new matter alleged in an incidental action's "petition". It is necessary for the defendant in an incidental action to except or to answer the incidental petition, just as if the incidental action were instituted as a separate suit. LSA-CCP Arts. 1034, 1035.
[3] Unlike the declinatory objection, which is waived by any appearance, except those authorized by LSA-CCP Arts. 7, 928, see LSA-CCP Art. 925, last paragraph.