BEER, Judge.
Appellant, Morris Vaccarello, a real estate agent, appeals from the trial court’s denial of his claim for a commission allegedly due. The sale on which the commission depended was never consummated because the proposed vendors, Nuncio Lagreco and Lucy Lagreco, were not able to deliver title consistent with the property description in the purchase agreement. The related controversies which arose between the original parties to this litigation as a result of the description inconsistency have been resolved and are not before us. This appeal is limited to our consideration of Vaccarello’s claim which comes about as the result of his “re-conventional demand” against Nuncio La-greco and Lucy Lagreco. In view of the fact that this reconventional demand was dismissed in the trial court and is now the only issue before us, we have designated Vaccarello as appellant and the Lagrecos as appellees.
The basic facts are not seriously contested: Appellees had a previous listing agreement with Vaccarello covering the same property which is here involved. Sometime after expiration of that agreement, appellant secured a subsequent listing of the property. At that time, there was some discussion and apparent disagreement between Nuncio and Lucy concerning the dimensions of the property. Lucy believed it measured 192 feet in width; Nuncio thought it was 144 feet. Vaccarello accepted Lucy’s version and put the 192 foot measurement down in the listing agreement. This measurement was inconsistent with the first listing, which showed the lesser dimensions. According to Nuncio La-greco, who could not read and who could only write his name, the document was not read to him and he did not know the measurement specified therein when he signed it. Vaccarello and Lucy Ann Lagreco gave conflicting testimony as to whether Vaccar-ello actually knew (or had known) of the correct dimensions prior to the signing of the October 8th listing agreement which shows the incorrect dimensions.
It is uncontested that a subsequent title examination showed that the true width of the property was 147 feet, and, thus, the sale was never consummated because of vendors’ inability to deliver merchantable title to a 192 foot wide lot as per the listing agreement.
It is appellant’s contention that this case is governed by the following:
“Where, as was the case here, the broker’s contract was to find a purchaser, his right to his commission is dependent upon whether he has found and produced one, who is able, ready, and willing to buy on the terms prescribed by his principal. When the broker produces such a purchaser, he is entitled to his commission, although the sale is not consummated, because of the inability of the vendor to comply with his offer. 2 C.J. pp. 769, 770. The broker, in such a case, in the absence of notice to the contrary, has the right to act upon the assumption that his principal has a marketable title.” Mathews Bros. v. Bernius, 169 La. 1069, 126 So. 556, 558 (1930) (emphasis added). Accord, Strahan v. Weiland, 216 So.2d 169 (La. *1246 App. 1st Cir. 1968),; Kuhn v. Stan A. Plauche Real Estate Company, Inc., 178 So.2d 296 (La.App. 4th Cir. 1965), reversed on other grounds, 249 La. 85, 185 So.2d 210; Doll v. Russo, 7 So.2d 406. (Orl.La.App.1942); Caruso-Goll v. D’Alfonso, 1 So.2d 120 (Orl.La.App.1941).
Appellant further contends that actual knowledge of a defect in vendors’ title is. required, and that inferential notice such as to put him on inquiry is an insufficient basis for denying his commission. ■
Here, the real estate agent had accepted a. prior listing of the identical property with obviously conflicting dimensions. The fact that, without the aid of the prior listing, he remembered that it excluded the Picarrello tract and changed the original draft of the second listing to so provide, suggests that he had actual knowledge of the dimensions from the prior listing. Even were this not so, the argument between the Lagrecos as to the dimensions of .the property, which occurred in appellant’s presence, and the existence of conflicting dimensions in the prior listing in his own files should certainly have alerted him to the probability of error in the second listing.
Under the circumstances of this case, failure to ascertain the correct measurements of the property constituted a breach of the duty of a real estate agent “to act strictly in conformity with his authority and in good faith and with reasonable care, skill, and diligence.” Liuzza v. Stassi, 83 So.2d 400, 403 (Orl.La.App.1955). Professor Yiannopoulos, in an examination of the civil law authorities on brokeragé, concludes:
“Even where the broker undertakes no obligation to act, he is bound by certain obligations resulting from the principle of good faith and he is held to a certain standard of conduct. He is obliged to conduct the entrusted business in good faith, to promote the interests of his principal, and to protect him from possible losses. He must at once notify the principal with regard to all doubts or reservations he may have concerning the person of the prospect, the quality of the object of the transaction, and any other aspects capable of producing loss. In all cases he should act according to the directions of his principal. The principal, on the other hand, is under an obligation to inform the broker that the transaction is concluded, whether or not as a result of the broker’s activity, so that unnecessary efforts may be avoided.” Yiannopoulos, “Brokerage, Mandate, and Agency,” 19 L.L.R. 777, 788-789 (1959) (emphasis added) (footnotes omitted).
We have previously denied a real estate agent’s commission where his duty was breached. See, e. g., Norgren v. Harwell, 172 So.2d 723 (La.App. 4th Cir. 1965); Treigle v. Cole, 138 So.2d 652 (La.App. 4th Cir. 1962). In Norgren v. Harwell, supra, the agent knew that purchaser intended to develop the roadfront of a certain tract as a commercial area, and that a servitude along the roadside would conflict with this purpose. Before the signing of a purchase agreement, the realtor represented to purchaser (apparently, innocently) that there was no servitude on the property. The sale was never consummated because a title search revealed a roadfront servitude. We denied the realtor’s commission, observing:
“Plaintiff became the agent of both parties to the purchase agreement as of the time of its execution, and in view of his knowledge of the intended use of the property his affirmative statement that no servitude existed was a breach of the duty owed by him to Springwood Park Inc. For this reason we are of the opinion that the loss caused by his misrepresentation should be borne by him rather than with Springwood Park, Inc.” Id., at 726 (emphasis added).
The facts of the instant case are within the Norgren holding. The real estate agent need not be a seer nor a title examiner, but, nevertheless, he is required to act with due diligence where, as here, such circumstances exist as to alert a reasonable broker to reconcile an apparent discrepancy in the description of the property to be listed before allowing his principals to bind themselves to sell property of doubtful dimensions.
*1247 The judgment of the trial court is affirmed, at appellant’s cost.

AFFIRMED.