503 So.2d 37 (1986)
Jay Lee MALLET, et al.
v.
John P. MAGGIO, et al.
No. CA 85 1378.
Court of Appeal of Louisiana, First Circuit.
December 23, 1986.
Rehearing Denied February 19, 1987.
Writ Denied April 20, 1987.
Roy F. Cangelosi, Baton Rouge, for plaintiff-appellee Jay Lee Mallet, et al.
Amy Counce, Baton Rouge, for defendant-appellee John P. Maggio, et al.
Thomas K. Kirkpatrick, Baton Rouge, for third-party defendant L.A. Hawkins.
Before EDWARDS, WATKINS and Le BLANC, JJ.
Le BLANC, Judge.
The issue in this case is whether a real estate broker who arranged an owner-financed sale had a duty to inform the owners that the interest rate provided for in the Act of Sale was usurious.
In 1981, L.A. Hawkins, a real estate broker, was engaged by John and Patricia Maggio to sell a mobile home and lot they owned. Believing it would be difficult for a buyer to finance the purchase price asked at a bank, Hawkins suggested the Maggios *38 consider owner financing. Since the Maggios were totally unfamiliar with owner financing, Hawkins explained the nature of such an arrangement to them.
After Hawkins located prospective buyers, Jay and Sharan Mallet, a purchase agreement was executed, providing for a total consideration of $35,000.00; $9,000.00 to be paid in cash, the remainder to be financed by the Maggios for 180 months at an annual interest rate of 15 percent. However, when Mr. Maggio subsequently inquired at a bank about a home loan for property he intended to purchase, he learned he would have to pay an interest rate of 17 percent per annum. He consequently informed Hawkins he would not go through with the purchase agreement insofar as it provided for an interest rate of 15 percent, since he would be required to pay a greater interest rate on his own loan. When Hawkins inquired what it would take for Maggio to go through with the sale, Maggio indicated the Mallets would have to pay an interest rate of 18 percent per annum. Hawkins wrote up an endorsement to the original purchase agreement providing for the payment of 18 percent interest per annum and presented it to the Mallets, who approved it.
Neither party was represented by an attorney in any of these transactions. Although Hawkins suggested the parties use Mr. Mellon, an attorney Hawkins had often employed in the past, neither the Maggios nor the Mallets ever personally contacted Mr. Mellon. Hawkins brought the purchase agreement to Mr. Mellon to have the sales papers prepared and once they were ready, notified each of the parties. On March 14, 1981, the closing was held at the home of Mrs. Blystead, a notary public associated with Mr. Mellon, and an Act of Sale with Mortgage was executed.
Approximately a year later, when the Mallets attempted to sell the mobile home and lot, they were informed by a realtor that the interest rate provided in the sale from the Maggios was usurious. The Mallets thereafter filed suit against the Maggios under La.R.S. 9:3501, seeking the forfeiture of all interest paid and all future interest due.[1] The Maggios in turn filed a third-party demand for judgment against Hawkins for any amount for which they were held liable.
The trial court rendered judgment on the principal demand against the Maggios for $17,751.06 for interest already paid as well as for the forfeiture of all future interest. No appeal was taken from this judgment. On the Maggio's third-party demand, judgment was rendered against Hawkins for the amount the Maggios were held liable on the principal demand. Hawkins has appealed this judgment.
Disposition of this case turns upon whether Hawkins had a duty to inform the Maggios that, at the time of the sale, an interest rate of 18 percent per annum was usurious.
A real estate broker is a trained professional who holds himself out as trained and experienced to render a specialized service in real estate transactions. The broker stands in a fiduciary relationship to his client, Avegno v. Byrd, 377 So.2d 268 (La.1979), and is bound to exercise reasonable care, skill and diligence in the performance of his duties. Schackai v. Lagreco, 350 So.2d 1244 (La.App. 4th Cir. 1977); Liuzza v. Stassi, 83 So.2d 400 (Orleans Court of Appeal 1955); 12 Am.Jur.2d § 96, pp. 847-8. Generally, a broker's duties "are limited to those which can be analogically drawn from La.R.S. 37:1454 and from the customs and practices of real estate brokers in general." Leggio v. Realty Mart, Inc., 303 So.2d 920, 923-24 (La. App. 1st Cir.1974), writ denied, 307 So.2d 629 (La.1975). However, as stated by the Court in Latter & Blum, Inc. v. Richmond, 388 So.2d 368 (La.1980), at p. 372.
Ultimately the precise duties of a real estate broker must be determined by an examination of the nature of the task the real estate agent undertakes to perform *39 and the agreements he makes with the involved parties.
Given the complexity of real estate financing, a client naturally looks to his broker for advice in this area. See, Comment, "The Real Estate Broker-Purchaser Relationship: Louisiana and Common Law," 52 Tul.L.Rev. 157 (1977). While a broker is not required to be a complete financial expert, he should have at least a familiarity with the basics of real estate financing, especially if he undertakes to give advice in this area. R. Kratovil and R. Werner, Real Estate Law, Sec. 8:03, p. 91-2, (8th ed. 1983)
In the present case, Hawkins suggested the Maggios consider owner financing and assured them everything would be taken care of for them. Hawkins was aware the Maggios were completely unfamiliar with owner financing and were relying upon him for guidance. This reliance was entirely reasonable in view of Hawkins' thirty years of experience and specialized knowledge of real estate transactions.
Hawkins seeks to avoid liability for failing to inform the Maggios 18 percent interest per annum was usurious, by arguing he himself was completely unaware of this fact. We reject this argument, having no difficulty in finding that a broker's unawareness of such a fundamental element of real estate financing falls far below the standard of conduct customarily practiced by professionals in this field. By failing to warn that the interest rate the Maggios charged was usurious, Hawkins breached his duty to exercise reasonable care and skill in the performance of his services.
In their brief, the Maggios request that this Court specifically recognize that Hawkins is liable to them not only for the amount of the money judgment against them ($17,751.06), but also for the amount of future interest they were required to forfeit ($32,016.66) for a total of $49,767.72. We are unable to consider this argument or modify the judgment in favor of appellees since they neither appealed nor answered Hawkins' appeal. La.Code Civ.P. art. 2133; Mackie v. Crown Zellerbach Corp., 444 So.2d 166 (La.App. 1st Cir.1983).
The judgment of the trial court is affirmed. Appellant is to pay all costs of appeal.
AFFIRMED.
NOTES
[1] La.R.S. 9:3501 provides as follows:

Any contract for the payment of interest in excess of that authorized by law shall result in the forfeiture of the entire interest so contracted.