h STEVEN R. PLOTKIN, Judge.
Defendant/third-party plaintiff, Philip R. Bulliard, appeals a trial court judgment granting a motion for summary judgment filed by third-party defendant, Property One, Inc., dismissing Mr. Bulliard’s third-party action against Property One. We affirm.
This appeal arises out of the August 31, 1998, sale of East Pointe Shopping Center by Mr. Bulliard to plaintiff, Nu Pointe East, L.L.C. Nu Pointe East filed the original suit in this matter, claiming that Mr. Bulliard misrepresented essential information prior to the sale of the property. Specifically, Nu Pointe East claims that Mr. Bulliard falsely represented and warranted that the lease held by one of the primary tenants on the property, Eye Care Centers of America, Inc., did not terminate until October 31, 2000, when in fact the lease terminated on October 31, *546 1998, two months after the sale. Nu Pointe East seeks damages, including rescission of the sale, on the basis of error, breach of contract/warranty, and tortious misrepresentation.
Mr. Bulliard filed a third-party demand against Property One, alleging that Property One was hired as his broker and agent to sell his shopping center. Mr. Bulliard further asserted that “Property One undertook the responsibility of obtaining Tenant Estoppel Certificates prior to the act of sale, and submitted such | ^Tenant Estoppel Certificates directly to [Nu Pointe East].” According to Mr. Bulli-ard, the Tenant Estoppel Certificate was submitted to Eye Care Centers five days prior to the sale, on August 26, 1998. However, the parties to the sale elected to go through with the sale on August 31, 1998, despite the fact that the Tenant Es-toppel Certificate from Eye Care Centers had not been returned.
According to Mr. Bulliard, Eye Care Centers did return the Tenant Estoppel Certificate on September 9, 1998, ten days after the sale of the property. On the certificate, Eye Care Centers had indicated the correct lease termination date of October 31, 1998, and had marked out the October 31, 2000, date that had been contained in the certificate when it was sent to Eye Care Centers. Property One failed to submit the certificate to either Nu Pointe East or Mr. Bulliard. Instead, Randy Ar-gote, a real estate broker who had handled the sale of East Pointe Shopping Center, placed the certificate in his file.
Mr. Bulliard makes the following allegations against Property One in his third-party petition:
60.
Property One owed a duty to defendant to inform defendant that Eye Care Centers had not signed and returned the Tenant Estoppel Certificate prior to the date of the date of the act of sale, and failing to do so, breached its duty.”
61.
Property One owed a duty to defendant to inform defendant that it had received Eye Care Centers’ Tenant Es-toppel Certificate at or around September 9, 1998, and failing to do so, breached its duty.
62.
If Property One had informed defendant that Eye Care Centers’ Tenant Es-toppel Certificate showed that Eye Care Centers believed that its lease terminated on October 31, 1998, then defendant could have taken steps to investigate the apparent discrepancy in lease termination dates that is at the heart of this lawsuit, and attempt to avert a possible controversy.
[ -¡Property One responded with a Motion for Summary Judgment and an accompanying motion that set forth two claims: (1) that the purchase agreement entered by the parties to the sale of East Pointe Shopping Center was a nullity from its inception because it was entered between Mr. Bulliard and a non-existent legal entity the buyers intended to form called “East Pointe, L.L.C.,” and (2) the purchase agreement, if valid, expired on August 24, 1998, seven days prior to the date of closing on the property. However, Property One later filed a supplemental memorandum in support of its motion for summary judgment, making two arguments: (1) that the expiration of the purchase agreement extinguished any duty Property One might have owed to Mr. Bulliard, and (2) that Mr. Bulliard never *547 asked Property One to continue to represent him after the closing date of the property sale or to continue to gather the Tenant Estoppel Certificates after that date. The trial court granted summary judgment without assigning written reasons for judgment. Mr. Bulliard appeals.
Louisiana law governing summary judgment is well established. Generally, a motion for summary judgment may only be granted “[a]fter adequate discovery or after a case is set for trial.” La. C.C.P. art. 966(C)(1). La. C.C.P. art. 966(B) requires the party seeking summary judgment, who has the burden of proof, to show two things: (1) that “no genuine issues as to material fact” exist, and (2) that he “is entitled to judgment as a matter of law.” In order to meet his burden of proof, the mover is not required “to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense.” La. C.C.P. art. 966(C)(2). If the movant meets its burden of proving these two issues, the burden shifts to the party opposing the Lmotion to “produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial.” Id. Summary judgment is now a favored procedure in Louisiana. La. C.C.P. art. 966(A)(2). Appellate courts review trial court judgments on motions for summary judgment de novo. Doe v. ABC Corp., 2000-1905 (La.App. 4 Cir. 6/27/01), 790 So.2d 136,140.
Following our de novo review in the instant case, we find that the trial court properly granted summary judgment in favor of Property One. First, no genuine issues of material fact exist. In fact, the documents attached to the motion for summary judgment and the opposition reveal that the parties agree on all the salient facts, as outlined above. Mr. Bulliard’s arguments on appeal therefore focus on the second prong of the two-part test enunciated above — i.e., his allegation that Property One is not entitled to judgment as a matter of law.
The 1997 Louisiana Legislature adopted LSA R.S. 9:3891-3899 to govern “Agency Relations in Real Estate Transactions.” Those statutes became effective on March 1, 1998, six months prior to the closing date in the instant case. LSA-R.S. 9:3895, relative to “Termination of agency relationship,” states as follows:
Except as may be provided in a written agreement between the broker and the client, neither a broker nor any licensee affiliated with the broker owes any further duties to the client after termination, expiration, or completion of performance of the brokerage agreement, except to account for all monies and property relating to the transaction and to keep confidential all confidential information received during the course of the brokerage agreement.
Mr. Bulliard has conceded in a supplemental brief to this court that the above statute applied at the time of Property One’s alleged breach of duty in this case, that he was a client of Property One, and that the purpose of his listing agreement with Property One was completed on August 31,1998, the date of the act of sale for East Pointe Shopping Center. Nevertheless, Mr. Bulliard makes 15three arguments to support his continuing claim that summary judgment is not appropriate in this case: (1) that the statute does not preclude a finding that Property One owed some continuing duty to Mr. Bulliard, (2) that *548 the statute does not preclude a finding that Property One owed a duty to Nu Pointe East; and (3) that Property One owed a duty under La. C.C. art. 2315.
However, the language of the statute is clear. Under LSA R.S. 9:3895, Property One’s duties to the parties to this appeal terminated on August 31, 1998, the date of the act of sale. Because Property One no longer owed any duties at the time it received Eye Care Center’s Tenant Es-toppel Certificate on September 9, 1998, it cannot be held liable to Mr. Bulliard, or to Nu Pointe East, for its failure either to forward the certificate to either of the parties to the sale, or to inform either of the parties that the certificate had been returned. This case is clearly distinguishable from Mallet v. Maggio, 503 So.2d 37 (La.App. 1 Cir.1986), cited by Mr. Bulliard, because the real estate broker in that case allegedly breached a duty during the existence of the agency relationship, not after the agency relationship had terminated, as in this case. Thus, Property One is entitled to judgment as a matter of law.
Because our de novo review reveals both that no genuine issues of material fact exist and that Property One is entitled to judgment as a matter of law under the provisions of LSA R.S. 9:3895, we affirm the trial court judgment granting Property One’s motion for summary judgment.
AFFIRMED.