HALL, Judge.
Plaintiff, a real estate broker, brought this suit to recover commissions due him in connection with the sale of a business known as “Ten-ex-Town” located at 4128 Jefferson Highway in Jefferson Parish. Plaintiff sued both the vendor, Joseph H. Nations, and the purchaser, Benjamin G. Katz, in solido. The defendant, Nations, filed a general denial. The defendant, Katz, filed no pleadings and a default judgment was rendered against him which was set aside on appeal (see Castellon v. Nations, La.App., 186 So.2d 708) and the cause remanded. Plaintiff thereafter abandoned his action against the purchaser, Katz, and proceeded to trial against the vendor, Joseph H. Nations. Judgment was rendered in favor of plaintiff and against Joseph H. Nations for the amount of the commission plus legal interest thereon from date of judicial demand until paid and for 25% attorney’s fees and costs. Defendant, Nations, appealed.
*676 The defendant, Joseph H. Nations, listed his property for sale with plaintiff and on July 9, 1963 plaintiff obtained a written offer from Benjamin G. Katz to purchase the property. This offer was accepted by the defendant-owner on July 10, 1963.
The agreement of sale provided:
“Property sold and purchased * * * for the sum of Twenty-Seven Thousand One Hundred Forty-Two Dollars, on the terms of $3,500.00 cash, balance to be assumption of present loan of approximately $23,642.00. The $3,500.00 cash shall be in the form of a lot to constitute the down payment.”
The agreement stipulated for the act of sale to be passed before the agent’s notary on or prior to July 24, 1963 and further provided:
“* * * If this offer is accepted, seller agrees to pay the agent’s commission of Ten % which commission is earned by agent when this agreement is signed by both parties and when the mortgage loan, if any has been secured.
“Either party hereto who fails, for any reason whatsoever to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent’s commission and all fees and costs incurred in enforcing collection and damages.”
The documents and papers were handed to the notary for the preparation of the sale and the running of certificates on the lot to be transferred.
The act of sale was never passed due to the fact that the amount of the mortgage to be assumed by the purchaser was much greater than the $23,642.00 as provided in the agreement.
Defendant-vendor admits that prior to the date of the agreement he had received two letters from the C.I.T. Corporation which held the mortgage. These letters informed him that the principal balance due on the mortgage was $27,192.08 but that it could be paid off immediately for $23,799.-51. He also knew prior to the date of the contract that he was delinquent to the C.I. T. Corporation for three monthly payments.
The defendant-vendor testified that the only one he did business with in plaintiff-realtor’s office was Mike Pomerantz, one of plaintiff’s salesmen; that he gave Pom-erantz all the information he had received from C.I.T. Corporation and .told him the amount of the loan to be assumed was $23,-799.00 and that Pomerantz drew up the contract.
The Trial Judge found as a fact that both the seller and the purchaser were well acquainted with real estate and financial transactions, and it is clear the defendant-vendor knew or should have known that the figure of $23,799.51 given him by the C.I.T. Corporation was a “close-out” figure; that the principal balance due by him was $27,192.08 and that the assumption could not be for less.
The notary testified that he himself checked with the C.I.T. Corporation and was informed that they would not allow the purchaser to assume the mortgage unless the delinquent amount was first paid. The notary further testified that he conveyed this information to the vendor, Nations, and that Nations was unable either to pay the past due installments or to reduce the loan.
On the night of July 24, 1963 Nations, in order to avoid a foreclosure suit, voluntarily surrendered the property to the mortgagee.
The appellant states in his brief that the defendant, Nations, was ready to deliver title to the business at any time during the term of the contract, and there was no breach of agreement on his part. Appellant attempts to show that it was the purchaser, Katz, “who refused to comply with the agreement because he felt the plaintiff’s employee had misrepresented the transaction to him.”
*677 How could the purchaser, Katz, have defaulted on the agreement when the vendor, Nations, was unable to deliver title according to the terms of the contract ?
Appellant attempts to show by his testimony of the purchaser, Katz, that plaintiff’s employee, Pomerantz, misrepresented the transaction to him. Mr. Katz testified in effect that Pomerantz did not tell him about the notes which were overdue nor the correct amount of the mortgage assumption.
However, the record shows that the information given Katz by Pomerantz was the same information given Pomerantz by the vendor, Nations, who admitted that he told Pomerantz the amount of the assumption was to be $23,799.00 (instead of $27,-192.08) and that the delinquent payments were included in this amount. He further testified that Pomerantz made a mistake in writing the figure $23,642.00 in the contract but it was only a small discrepancy. We are of the opinion that this discrepancy is immaterial in view of the fact that the contract called for the assumption of “approximately $23,642.00.” What is material is that the real balance due on the loan was $27,192.08.
The broker earns his commission even if the sale is not consummated when he procures a purchaser, ready, willing and able to buy on terms prescribed by the principal. Morere v. Dixon Real Estate Co., Inc., La.App., 188 So.2d 623. Inability of vendor to deliver title because of impediment existing at time of signing of agreement to sell does not relieve vendor of liability to broker in the absence of actual notice of the impediment on the part of the broker. Kuhn v. Stan A. Plauche Real Estate Company, Inc., La.App., 178 So.2d 296, (Reversed on other grounds, 249 La. 85, 185 So.2d210).
For the foregoing reasons the judgment appealed from is affirmed, costs of this appeal to be borne by defendant-appellant.
Affirmed.