STOULIG, Judge.
This appeal involves a broker’s claim for commission and reasonable attorney fees under a contract to sell real estate where the buyer failed to take title because the property was partially destroyed by a hurricane before the act of sale was passed.
This litigation was initiated by the prospective buyer, Mrs. Joseph Williams,[1] who filed suit against the seller, Mrs. Norma S. Bel, for $2,380 for breaching the agreement to sell by failing to restore the property after Hurricane Betsy. Also joined as a defendant was Rene Brunet, Inc.,[2] for the return of the $1,690 deposit made by plaintiff when she signed the contract to buy. The realtor filed reconventional and third party demands, claiming a commission of $1,014 together with reasonable attorney fees from the seller under the written contract, or alternatively, from the buyer in the event it was concluded the purchaser had breached the agreement.
From a judgment[3] (1) ordering the realtor to return to plaintiff her $1,690 deposit with legal interest from date of judgment, and (2) dismissing Brunet’s claim for commission and reasonable attorney fees, the realtor has appealed.
Under the terms of the contract signed July 21, 1965, Mrs. Williams was obligated to purchase the realty at 1538 Schnell Drive in Arabi, Louisiana, for $16,900; provided she could finance $13,400 of the purchase price at 6% interest. Mrs. Bel was required to convey title on or before September 20, 1965; further the seller was *230 obligated to pay the agent’s commission of 6% to Brunet once the buyer signed the agreement and the loan stipulated in the contract was obtained. The contract also provided that in the event of its breach, the party at fault would, among other things, be liable for the realtor’s commission and the attorney fees incurred in its collection.
Mrs. Williams obtained the necessary financing and the act of sale was scheduled for passage and then was postponed. The record does not reflect the reason for the delay but apparently it was not attributable to either the buyer or the seller. The notary rescheduled the signing of the act of sale for September 10. On September 9, Mrs. Bel’s property was heavily damaged after being inundated by the flood waters resulting from Hurricane Betsy. Thereafter, Mrs. Williams declined title.
Subsequently both the buyer and the seller made demand on Brunet for the $1,690 deposit. The seller contended it was due as liquidated damages because of the purchaser’s breach of the agreement by failing to take title. Relying upon C.C. art. 2455, Mrs. Williams contended the partial destruction of the property gave her the option to recede from the contract and have her deposit returned or to renegotiate the purchase price for the undestroyed portion of the property.
 The trial judge properly decided Mrs. Williams did have the right to withdraw under the cited article, and once it was determined the partial destruction released her from any obligation to perform, the realtor was obligated to return her deposit. Since she did not breach the contract, Brunet could not claim a commission from Mrs. Williams.
We turn to appellant’s claim against the seller. The contract provides in part:
“If this offer is accepted, seller agrees to pay the agent’s commission of 6%, which commission is earned by agent when this agreement is signed by both parties and when the mortgage loan, if any, has been secured.”
Mrs. Bel. argues the destruction of the object of the sale avoids the entire contract and any claims arising thereunder. We do not subscribe to this view. In signing the agreement Mrs. Bel undertook two obligations : one to convey her property on or before September 20, 1965, and the other to pay a real estate commission to Brunet after “ * * * the agreement is signed by both parties and when the mortgage loan * * * has been secured.”
At the outset there were two foreseeable contingencies that could have voided Mrs. Bel’s obligation to sell, namely, the non-merchantability of her title or the purchaser’s inability to obtain the financing specified in the contingent loan clause. As things developed, an unforeseeable event that damaged the property permitted the purchaser to decline title and, of course, relieved Mrs. Bel of her duty to tender title.
With respect to the obligation to pay a commission, Mrs. Bel committed herself to liability for this amount when two conditions concurred: (1) the agreement was signed, and (2) financing was secured. The contract is clear. The broker’s fee is not conditioned on the passage of the act of sale. At the time the contract is signed by buyer and seller, the realtor has invested time and energy in showing the property and bringing the parties together.
C.C. art. 1901 provides in part: “Agreements legally entered into have the effect of laws on those who have formed them.”
Contracts should be enforced as written unless they are executed through fraud or error or have for their object matters that are contra bonos mores. Chemical Cleaning, Inc. v. Brindell-Bruno, Inc., 214 So.2d 215 (La.App. 4th Cir. 1968).
Applying these principles to the instant case, we conclude the commission was *231 earned once Mrs. Williams secured financing. The disputed clause before us has been interpreted in earlier cases and the realtor has been allowed to recover the commission even though the act of sale did not pass. In Castellon v. Nations, 230 So. 2d 675 (La.App. 4th Cir. 1970), a realtor’s commission was allowed even though the seller was unable to deliver title in accordance with the terms of the buy/sell agreement. The court noted:
“The broker earns his commission even if the sale is not consummated when he procures a purchaser, ready, willing and able to buy on terms prescribed by the principal. Morere v. Dixon Real Estate Co., Inc., La.App., 188 So.2d 623 * * *.” 230 So.2d at 677.
In the case before us, the seller’s inability to perform does not stem from nonmer-chantability or from some impediment existing at the time of her signing the agreement. It is the result of a fortuitous event beyond her control. But we do not think this precludes the right of the realtor to recover the commission. Whether the object of the sale was destroyed or left standing by the hurricane, the services rendered by the realtor had already been performed. Had a plumber or roofer rendered a service to the Schnell property on September 8, 1965 with the understanding the seller would be billed at the end of the month, Mrs. Bel could not defend against payment by pleading the house on which the work was performed was destroyed.
It is with the owner of the property that the risk of loss pending transfer is placed by the Civil Code. Obviously any loss through fortuitous event should be borne by the owner at the time of the happening. This rationale is apparent in C.C. art. 2455, which gives the prospective purchaser of an object partially destroyed before transfer the option to rescind his agreement. It logically follows that collateral rights, such as the right to a commission on the sale of realty, cannot be obliterated by the loss of the object through an act of God if the services to the seller are complete prior to destruction of the thing.
We conclude Mrs. Bel must pay Brunet the $1,014 contemplated by the contract. Although the result is harsh, we note Mrs. Bel could have avoided liability had she permitted the realtor to refund the deposit to purchaser on the initial demand. At this point Brunet was willing to forego his broker’s fee. It should also be borne in mind that the harsh result in this matter is not due to the operation of law or statute but rests solely on a contractual obligation voluntarily assumed by the plaintiff.
Finally, we consider the realtor’s claim for attorney fees based on this provision:
“Either -party hereto who fails, for any reason whatsoever, to comply with the terms of this offer, if accepted, is obligated and agrees to pay the agent’s commission and all reasonable attorney’s fees and costs incurred by the other party, and/or agent in enforcing their respective rights.” (Emphasis added.)
This terminology contemplates an active breach by one of the parties that would be inapplicable if the obligation to perform was nullified by a fortuitous event. If the basis for the realtor’s claim for attorney fees is that the seller or the buyer failed to comply with the obligation to either transfer or accept title, then, under these circumstances, the claim would be without merit because a fortuitous event nullified the contract. But the seller’s refusal to pay the commission was a failure to comply with that part of the contract that was not affected by the occurrence of the hurricane. By its own terms the realtor had performed completely once the buyer was found and financing secured. We conclude the seller’s refusal to pay the commission was a failure to comply with one of the terms of the *232 offer and, therefore, the realtor was entitled to be reimbursed for the cost and fees incurred in seeking redress in court.
For the reasons assigned, the judgment appealed from is reversed insofar as it dismisses the realtor’s third party claim for a commission against the seller, and it is now ordered, adjudged and decreed there be judgment in favor of Rene Brunet, Inc., and against the defendant Mrs. Norma S. Bel in the sum of $1,014, with legal interest from judicial demand; in all other respects the judgment is affirmed. Costs are to be borne equally by the seller and the realtor.
REVERSED IN PART;

AFFIRMED IN PART.

REDMANN and LEMMON, JJ., dissent with written reasons.

. Plaintiff sued in her capacity as agent for Joseph J. Williams, Jr.'

. At the time the contract was signed, defendant was doing business as Kit Carson Realty, Inc. The name was changed prior to filing this suit.

.The judgment dismissed claims between buyer and seller and neither has appealed.