CRAIN, Judge.
This is an appeal by defendant, Fred A. Blanche, III, from a judgment by the trial court dismissing defendant’s reconventional demand in a concursus proceeding instituted by Amoco Production Company (Amoco).
FACTS
The present concursus proceeding was instituted by Amoco in September of 1982 for a determination as to which of the named defendants own either mineral rights, royalty rights, or a working interest in production attributable to a certain tract of land located in East Baton Rouge Parish (Carruth Tract). By this proceeding, Amoco sought to deposit all proceeds from production attributable to the Carruth Tract into the registry of the court and thereby be relieved of any and all liability to the named defendants for such proceeds.
Several of the defendants instituted discovery directed to Amoco seeking to determine the actual deductible costs of the well and appropriate amounts of royalty proceeds which were owed to the legal owners. After Amoco had answered certain interrogatories and produced various documents, defendant, Fred A. Blanche, III, filed a reconventional demand alleging that he is the owner of a mineral lease covering 50% of the Carruth Tract and accordingly owns 50% of the mineral production attributable to that tract, subject to a lease royalty in favor of his lessor, defendant Mildred Carruth. He further alleges that the amount of money which Amoco received from the sale of production attributable to the Carruth Tract, after deducting such costs as Amoco is entitled to deduct for the cost of drilling and producing the well, greatly exceeds the amount of money deposited into the registry of the court by Amoco. He specifically alleges that Amoco has deposited only $1,306,932.93 into the registry of the court, whereas the total realized from the sale of production amounts to at least $14,306,932.93. He contends that even after deduction of costs for drilling and production, he is entitled to a judgment against Amoco in the amount of $8,000,000.00 plus interest and costs.
TRIAL COURT
The trial judge raised an exception of no cause of action to the reconventional demand on his own motion and signed a judgment on July 25, 1983, dismissing the re- *799 conventional demand. It is from this judgment that defendant Blanche appeals.
APPEAL
On appeal, defendant raises the following two assignments of error:
1. The trial court erred in holding that the reconventional demand of Fred A. Blanche, III, failed to state a cause of action.
2. If the trial court was correct in raising and sustaining the exception of no cause of action, which is denied, then the trial court erred in failing to inform plaintiff in reconvention of the grounds for sustaining the exception and in not affording him the opportunity to remove such grounds by amendment.
NO CAUSE OF ACTION
The question of whether reconventional demands are prohibited in concursus proceedings remains unanswered in the jurisprudence. See Waguespack Pratt, Inc. v. de Salvo, 225 So.2d 269 (La.App. 4th Cir.1969), writ refused, 254 La. 846, 227 So.2d 592 (1969). Although we do not have the benefit of his reasons for judgment in this case, the trial judge apparently felt that the reconventional demand in this particular concursus proceeding was improper, and he therefore raised and maintained an exception of no cause of action in the suit.
An exception of no cause of action raises the issue of whether the law grants a remedy to anyone for the particular harm alleged by the plaintiff. Gustin v. Shows, 377 So.2d 1325 (La.App. 1st Cir.1979). It is a peremptory exception which may be pled or noticed by the trial court on its own motion at any time prior to submission of the case for a decision. La.C.C.P. art. 927, Rosenthal v. Caballero, 309 So.2d 797 (La.App. 4th Cir.1975).
Blanche’s reconventional demand is one based upon allegations that Blanche owns certain mineral production, that Amoco has obtained it, sold it and kept a large part of the proceeds, retaining more as costs than it was entitled to receive. Accepting Blanche’s well-pleaded facts as true, such allegations set forth a cause of action under a theory of unjust enrichment and quasi-contract and the trial court therefore erred in sustaining an exception of no cause of action to the reconventional demand.
IMPROPER CUMULATION OF ACTIONS
The exception questioning the defendant’s use of a reconventional demand for sums of money in addition to those deposited by plaintiff in the concursus presents, technically, a question of improper cumulation of actions, that is, the recon-ventional demand with the concursus. La.C.C.P. art. 926, Texas Gas Transmission Corporation v. Gagnard, 223 So.2d 233 (La.App. 3rd Cir.1969). This objection is not properly raised by the peremptory exception of no cause of action, but by the dilatory exception of improper cumulation of actions. Texas Gas Transmission Corporation, 223 So.2d at 237. Whether this exception can be raised by the trial court on its own motion, or can at this time be raised by Amoco is not before us.
DECREE
Accordingly, for the reasons assigned, we reverse the judgment of the trial court sustaining an exception of no cause of action, dismissing defendant Blanche’s recon-ventional demand, and remand this case for further proceedings consistent with our opinion herein. All costs of this appeal are to be paid by the plaintiff.
REVERSED AND REMANDED.