SUSAN M. CHEHARDY, Judge.
|gThis is a lawsuit against a funeral services company and a life insurance company for breach of contract, negligence, and fraud. The plaintiff appeals the trial court’s judgment that grants an exception of improper venue as to the funeral services company and grants an exception of res judicata as to the insurance company. We affirm in part, reverse in part, amend and remand.
PROCEEDINGS BELOW
On April 6, 2011, Michelle McLean filed suit against Majestic Mortuary Services, Inc. (“Majestic”) and Metropolitan Life Insurance Company (“MetLife”) in the 24th Judicial District Court, Jefferson Parish, Louisiana, as well as the unnamed insurer of Majestic. McLean alleged as follows:
On May 14, 2010, McLean’s husband, Daniel J. McLean III, died unexpectedly in Jefferson Parish, Louisiana, where he was domiciled. Michelle McLean is the sole beneficiary of Metropolitan Life Insurance Policy No. 0109672, which insured the life of the decedent. In May 2010, she initiated a claim with MetLife, and was directed to submit the claim and all related information to the decedent’s former employer, Orleans Parish School Board (“OPSB”). She did so.
|sOn or about May 18, 2010, McLean and Majestic signed a Statement of Funeral Goods and Services. Also on that day, McLean signed an Insurance Policy Assignment form, which was incomplete in that the spaces for the name of the insurer, the policy number, and the amount assigned were left blank.
The decedent’s funeral was held on May 22, 2010. On May 24, 2010, McLean advised Majestic in writing that she was dissatisfied with the services provided. McLean complained specifically of the following: Majestic provided a party van with a strobe light to transport McLean and the decedent’s two children to the funeral, as well as a limousine that had no air conditioning to transport McLean and the children from the church to the burial site. Majestic’s funeral director was unprepared and demonstrated an overall lack of knowledge and experience directing a Catholic funeral mass and burial. The funeral director wholly failed to provide guidance or instruction to the pallbearers. Furthermore, the director failed to make an announcement at the end of the visitation period prior to closing the casket, thereby depriving persons of the opportunity for a final viewing. The director further failed to properly handle the purity cloth, and the limousine drivers were unfamiliar with the burial site and its location.
*574 McLean admitted that on May 26, 2010, Majestic acknowledged and apologized for the lack of certain services and unilaterally adjusted the amount due on the funeral services contract. McLean, however, maintained that the adjustment was insufficient. The parties were unable to agree upon the amount due. Therefore, McLean contacted OPSB to report her dissatisfaction with Majestic’s services. She was informed that she had the option of requesting full payment of the life insurance proceeds to her and she could then pay Majestic herself, directly. McLean exercised that option and requested full payment from MetLife.
1 Recording to the petition, after Majestic obtained the decedent’s death certificate from the office of the decedent’s physician in Jefferson Parish, Majestic submitted one copy thereof with a request for direct payment to MetLife through OPSB. Majestic submitted the request for payment with knowledge that there was a dispute concerning the amount due.
Upon discovering this fact, McLean contacted MetLife by telephone and in writing to reiterate her request to rescind any prior authorization for payment to Majestic and, further, to demand full payment of the life insurance proceeds. MetLife tendered the uncontested portion of the proceeds, $12,690.60, to McLean in early September 2010, several months after the decedent’s death.
On September 24, 2010, MetLife sent a letter to McLean advising that it could not determine whether she had effectively revoked her authorization for payment to Majestic, and further advising of its intent to file an interpleader action if an amicable compromise was not reached between the parties within 30 days. McLean responded, through her counsel, that she effectively revoked any and all authorization for payment to Majestic, that MetLife’s failure to properly tender payment was unreasonable, and that if further action became necessary to obtain all funds, McLean would pursue remedies and penalties against MetLife.
MetLife took no further action until after McLean filed her Petition for Damages in the 24th Judicial District Court on April 6, 2011. In response to the petition, Met-Life filed a peremptory exception of res judicata, asserting that on April 7, 2011, MetLife had filed a concursus proceeding against McLean and Majestic in Civil District Court for the Parish of Orleans and had deposited the contested portion of the life insurance proceeds ($7,309.40) into the court registry, in order for McLean and Majestic to assert their claims to the money contradictorily before that court. Met-Life alleged that it had been dismissed from | sthe concursus proceeding with prejudice, and that all causes of action against it were extinguished and merged in the judgment in the concursus proceeding because the suits arise out of the same transaction or occurrence.
McLean then filed an exception of lis pendens and a motion to vacate and annul judgment in the Orleans Parish concursus proceeding. She recited the facts alleged in the pending action against MetLife in McLean’s Jefferson Parish lawsuit, and alleged that the Jefferson Parish suit was filed the day before the Orleans Parish suit. She also stated that the judgment in the concursus had been submitted and signed before she received any notice or service of the shit and the judgment therein. McLean’s exception and motion to vacate were denied by the Orleans Parish judge.
When arguing the exception of res judi-cata in this proceeding, MetLife pointed out that in McLean’s exception of lis pen-dens in the concursus proceeding, McLean *575 had specifically claimed that the parties were the same in the two actions and that they arose out of the same transaction. Thus, MetLife argued, McLean is bound by her judicial confession to two elements of res judicata.
Thereafter Majestic filed a declinatory exception of improper venue and a peremptory exception of no cause of action. Majestic asserted the suit against it was improperly filed in Jefferson Parish because the proper venue for an action against Majestic is Orleans Parish, where Majestic is located and domiciled, and where the alleged incident occurred. Majestic asserted further that McLean had failed to state a cause of action against Majestic either for breach of contract or for negligence because the petition states theories of law rather than facts.
After a hearing, the district court maintained MetLife’s exception of res judicata and Majestic’s exception of improper venue, but ruled that Majestic’s exception of no cause of action was moot.
| nMcLean appeals. She contends the district court erred in maintaining Met-Life’s exception of res judicata, in maintaining Majestic’s exception of improper venue, and in ruling that Majestic’s exception of no cause of action is moot.
LAW AND ANALYSIS
Appellate courts review exceptions of res judicata, improper venue, and no cause of action using the de novo standard of review, because these exceptions present legal questions.[1]

Res Judicata

Louisiana’s law of res judicata is set out in La. R.S. 13:4231, which provides in pertinent part:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
[[Image here]]
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Based on the language of La. R.S. 13:4231, the Louisiana Supreme Court has established the following five elements that must be satisfied for a finding that a second action is precluded by res judicata: “(1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action 17asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation.” Chevron U.S.A., Inc. v. State, 2007-2469, p. 10 (La.9/8/08), 993 So.2d 187,194.
*576 Since the 1990 amendment to the res judicata statute, the chief inquiry is “whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action.” Id.
Among the exceptions to the general rule of res judicata is the tenet that a judgment does not bar another action by the plaintiff when exceptional circumstances justify relief from the res judicata effect of the judgment. La. R.S. 13:4232(A)(1).
“A concursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding.” La. C.C.P. art. 4651.
“Persons having competing or conflicting claims may be impleaded in a concur-sus proceeding even though the person against whom the claims are asserted denies liability in whole or in part to any or all of the claimants, and whether or not their claims, or the titles on which the claims depend, have a common origin, or are identical or independent of each other.” La. C.C.P. art. 4652.
“Service of citation and a copy of the petition shall be made in the same form and manner, and the delays for answering are the same, as in an ordinary proceeding.” La. C.C.P. art. 4655.
“Each defendant in a concursus proceeding is considered as being both a plaintiff and a defendant with respect to all other parties. No exceptions or responsive pleadings may be filed to the answer of a defendant, and every fact | ^alleged therein is considered as denied or avoided by effect of law as to all other parties. If a defendant fails to answer, issue need not be joined by default.” La. C.C.P. art. 4656.
“After the deposit of money into the registry of the court, the plaintiff is relieved of all liability to all of the defendants for the money so deposited.” La. C.C.P. art. 4658. Notably,
Since every defendant in a concursus proceeding is both a plaintiff and a defendant, his right to the fund deposited, or to the amount claimed to be due by the plaintiff, may be asserted in his answer, and the proper judgment prayed for therein. Hence, since he may not inject issues which are extraneous to the subject matter of the proceeding and with which the other claimants implead-ed are not concerned, there is neither a need for nor a possibility of the defendant reconvening.
La. C.C.P. art. 4656, Official Revision Comments, Comment (b).
“The court may grant the plaintiff in a concursus proceeding injunctive relief prohibiting the defendants from instituting or prosecuting in any court of this state or of the United States any other action or proceeding on the claim involved in the con-cursus proceeding.” La. C.C.P. art. 4660.
“Except as otherwise provided in this Title and by law, the rules applicable to an ordinary proceeding apply, so far as practicable, to a concursus proceeding.” La. C.C.P. art. 4662.
These articles establish that a concursus proceeding is a special type of proceeding, in which the plaintiffs liability is limited to the amount of funds deposited in the registry of the court. The issues are limited to various defendants proving their rights to a specific sum of money. McLean’s civil suit in the Jefferson Parish court, however, sought damages for breach of contract, negligence, and fraud, issues *577 that were clearly not limited to the amount of funds in dispute.
| pThere is little case law on the issue of whether a defendant in a concursus proceeding may file a reconventional demand against a plaintiff in concursus. In Amoco Production Co. v. Carruth, 457 So.2d 797 (La.App. 1 Cir.1984), the court noted, “The question of whether reconventional demands are prohibited in concursus proceedings remains unanswered in the jurisprudence.” Id., 457 So.2d at 799.
In Amoco Production Co., the trial court on its own motion raised and maintained an exception of no cause of action regarding the reconventional demand. The court of appeal reversed on the ground that the proper procedural vehicle was an exception of improper cumulation of actions. The court declined to reach the merits of such an exception or to state whether the court could bring it itself. Id., 457 So.2d at 799.
That case suggests that a defendant in concursus may not bring a reconventional demand against a plaintiff in concursus if the reconventional demand asserts other claims, even if they arise out of the same transaction that produced a disputed amount of money. For example, in Mary Adams and Associates v. Rosenblat, 539 So.2d 860 (La.App. 5 Cir.1989), this Court held that the maximum amount awarded in a concursus proceeding could not exceed the amount deposited in court, and therefore attorney’s fees could not be awarded in addition to that amount. Id., 589 So.2d at 863-864.
Hence, we conclude that the exception of res judicata raised by MetLife in response to McLean’s suit should not have been granted in full, because the concursus proceeding is a limited proceeding. It appears a defendant in concursus may not actually bring reconventional demands and demands for additional relief against a plaintiff in concursus, although defendants in concursus may cross-claim against each other.
|10Thus, the limited nature of the concur-sus proceeding does not make it res judica-ta to all the claims against MetLife raised in this suit, despite the fact that the parties were the same and that the dispute arose out of the same transaction.
McLean’s suit against MetLife was for the proceeds of the life insurance policy, but she also argues she is entitled to penalties and fees for MetLife’s untimely payment to her, pursuant to La. R.S. 22:1811 and 22:1973. Thus, McLean had a dispute with MetLife for more than just the policy proceeds. She sought damages, penalties and attorney’s fees.
We conclude that the signing of the judgment in the Orleans Parish concursus proceeding, the same day the petition was filed and before there was any service on McLean, was a harsh result. The concur-sus judgment dismissed MetLife and declared that this was the only suit in which McLean could assert any cause of action against MetLife. McLean never received the minimum time within which to answer and to make any reconventional demand against MetLife.
Considering the foregoing, we find there are “exceptional circumstances [that] justify relief from the res judicata effect of the judgment,” at least as far as any matters not strictly within the scope of the concur-sus proceeding regarding the proceeds of the life insurance policy. La. R.S. 13:4232(A)(1).
Therefore, we shall amend the judgment to limit the res judicata effect of the Orleans Parish judgment.

Venue

Under the general rules of venue, an action against an individual who is domiciled in the state shall be brought in the *578 parish of his domicile. La. C.C.P. art. 42(1). If he resides but is not domiciled in the state, the action shall be brought in the parish of his residence. Id. An action against a foreign or alien insurer shall be brought in the parish of East Baton Rouge. La. C.C.P. art. 42(7).
|nThe general rules of venue provided in Article 42, however, are subject to the exceptions provided in Articles 71 through 85 and otherwise provided by law. La. C.C.P. art. 43.
An action against joint or solidary obli-gors may be brought in a parish of proper venue, under Article 42 only, as to any obligor who is made a defendant provided that an action for the recovery of damages for an offense or quasi-offense against joint or solidary obligors may be brought in the parish where the plaintiff is domiciled if the parish of plaintiffs domicile would be a parish of proper venue against any defendant under either Article 76 or R.S. 13:3203. La. C.C.P. art. 73(A).
An action for recovery of damages for an offense may be brought in the parish where the wrongful conduct allegedly occurred, or in the parish where the alleged damages were sustained. La. C.C.P. art. 74.
An action on a life insurance policy may be brought in the parish where the deceased died, the parish where he was domiciled, or the parish where any beneficiary is domiciled. La. C.C.P. art. 76.
An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract. La. C.C.P. art. 76.1.
In support of the exception of improper venue, Majestic argued that the proper venue for an action against it is Orleans Parish because that is where its offices are located and where it is domiciled, the contract for services was executed at Majestic’s offices in Orleans Parish, and all funeral services performed by Majestic were executed and performed in Orleans Parish.
McLean contends that venue is proper in Jefferson Parish for any one of three reasons: ancillary venue, location of contract, location of wrongful conduct.
|121. Ancillary Venue
McLean points out that her claims against MetLife arise out of a life insurance policy. The decedent was domiciled in Jefferson Parish and died in Jefferson Parish. The sole beneficiary, McLean, is domiciled in Jefferson Parish. Hence, under La. C.C.P. art. 76, venue is proper in Jefferson Parish for all claims against MetLife. Therefore, McLean asserts, under the concept of ancillary venue Jefferson Parish is a proper venue for all claims against Majestic.
“Ancillary venue applies when separate claims involving common or identical questions of fact share no common venue. The concept of ancillary venue allows such claims to be tried together for reasons of judicial economy and efficiency, even though venue is not proper technically for one claim or one party.” Underwood v. Lane Memorial Hosp., 97-1997, p. 8 (La.7/8/98), 714 So.2d 715, 719.
We find that the concept of ancillary venue cannot be applied here, because MetLife and Majestic are not solidary or joint obligors. The alleged obligations of each to McLean arise out of separate contracts. There is no showing that MetLife and Majestic are solidary or joint obligors. Therefore, ancillary venue does not apply.
2. Contract
Second, McLean relies on the provisions of La. C.C.P. art. 76.1, which *579 states, “An action on a contract may be brought in the parish where the contract was executed or the parish where any work or service was performed or was to be performed under the terms of the contract.”
McLean cites the existence of a contract between herself and Majestic for funeral and related services. She contends that work was performed in Jefferson Parish pursuant to that contract — specifically, Majestic picked up McLean and | iaher children from their home in Jefferson Parish and transported them through Jefferson Parish to the decedent’s funeral in Orleans Parish. Further, she states that Majestic obtained the death certificate from a medical office in Jefferson Parish. Based on those allegations, she argues that work under the contract was performed in Jefferson Parish, making it a proper venue under Article 76.
We find that, under the particular facts of this case, those are insufficient contacts to constitute “work under the contract” so as to make Jefferson Parish a proper venue.
3. Location of wrongful conduct
McLean also contends venue is proper under Article 74, which provides that an action for recovery of damages for an offense or quasi offense may be brought where the wrongful conduct occurred or in the parish where the damages were sustained. McLean argues wrongful conduct occurred in Jefferson Parish when Majestic sent a party van to McLean’s home in Jefferson Parish to transport her and the children to the funeral. McLean also contends the damages she sustained by Majestic’s negligent conduct in failing to properly direct the funeral services, and in submitting an assignment form seeking payment with knowledge that mutuality was lacking, were damages she sustained in Jefferson Parish.
We cannot agree. The funeral itself, not only the services but also the burial, took place in Orleans Parish, and the submission of the assignment form also was done in Orleans Parish. As in item 2 above, we find the sending of the van into Jefferson Parish to pick up McLean for the funeral does not sufficiently fulfill the requirements to fit within Article 74.
Accordingly, not only did the wrongful conduct occur in Orleans Parish, but also the damages were sustained in Orleans Parish. Hence, venue in Jefferson Parish was not proper under Article 74.
| ^Although we are affirming the district court’s ruling on the exception of venue, in the interest of justice, we amend the judgment to provide for transfer of the case against Majestic to Orleans Parish, pursuant to La. C.C.P. Art. 932.[2]

No Cause of Action

McLean asserts the district court erred in decreeing Majestic’s peremptory exception of no cause of action moot after maintaining the exception of venue. McLean argues that because proper venue lies in Jefferson Parish, the exception of no cause of action should have been considered and denied.
In view of our ruling on the venue question, we need not address the exception of no cause of action. See Marler v. Petty, 94-1851, p. 7 (La.4/10/95), 653 So.2d 1167, 1171.
DECREE
For the foregoing reasons, the judgment is affirmed insofar as it maintained the *580 declinatory exception of improper venue by Majestic Mortuary Services, Inc.
The judgment is reversed in part as to the exception of res judicata, and is amended to provide that the exception of res judicata against Metropolitan Life Insurance Company applies only as to allocation of the insurance proceeds comprehended by the concursus proceeding; the other claims made for breach of contract, negligence, and fraud are not subject to the res judicata exception.
The judgment is amended further to provide that the suit be transferred to Civil District Court for the Parish of Orleans insofar as it concerns Majestic Mortuary Services, Inc.
11fiThe case is remanded to the district court for further proceedings in accordance with this opinion.

AFFIRMED IN PART, REVERSED IN PART, AMENDED AND REMANDED

. See Ins. Co. of N. Am. v. Louisiana Power & Light Co., 2008-1315, p. 5 (La.App. 4 Cir. 3/4/09), 10 So.3d 264, 267; Tuban Petroleum, L.L.C. v. SIARC, Inc., 2009-0302, p. 3 (La.App. 4 Cir. 4/15/09), 11 So.3d 519, 522, writ denied, 2009-0945 (La.6/5/09), 9 So.3d 877; Gordon v. Louisiana Citizens Prop. Ins. Corp., 2007-0262, p. 3 (La.App. 4 Cir. 9/12/07), 966 So.2d 1084, 1086.

. ”[I]f an action has been brought in a court of improper jurisdiction or venue, the court may transfer the action to a proper court in the interest of justice.” La. C.C.P. art. 932(B).