**CORRECTED**

| | | | |
|---|---|---|---|
| **LESTELLE & LESTELLE, A PROFESSIONAL LAW CORPORATION** | * | **NO. 2021-C-0077** | |
| | * | | |
| | | **COURT OF APPEAL** | |
| **VERSUS** | * | | |
| | | **FOURTH CIRCUIT** | |
| **CAMPO MUSIC SHOPPING CENTER CONDOMINIUM ASSOCIATION AND GULF COAST CLAIM RECOVERY, INC.** | * | **STATE OF LOUISIANA** | |

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2009-12577, DIVISION "A"
Honorable Ellen M. Hazeur, Judge
* * * * * *
**Judge Dale N. Atkins**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Tiffany G. Chase, Judge Dale N. Atkins)

Mark A. Moeller
Moeller Law Firm, LLC
1000 Veterans Memorial Blvd., Suite 206
Metairie, LA 70005

   COUNSEL FOR RELATOR

Nicholas S. Lindner
631 Saint Charles Avenue
New Orleans, LA 70130

Terrence Jude Lestelle
LESTELLE & LESTELLE, APLC
3421 North Causeway Blvd., Suite 602
Metairie, LA 70002-3726

   COUNSEL FOR RESPONDENTS

   **WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**
       **MARCH 23, 2021**

DNA
EAL
TGC

This is a concursus proceeding. Relator, Gulf Coast Claim Recovery, Inc., seeks review of the trial court's December 12, 2020 judgment granting an exception of no right of action filed by Respondent, Campo Music Shopping Center Condominium Association. For the reasons that follow, we grant Relator's writ application, reverse the trial court's judgment granting Respondent's exception of no right of action, and render judgment denying the exception of no right of action.

## FACTUAL AND PROCEDURAL HISTORY

Respondent sustained damages to its property due to Hurricane Katrina. Accordingly, Respondent filed a claim with its insurer, Evanston Insurance Company ("Evanston"). After determining that the amounts received from Evanston were insufficient to repair the damages, Respondent contracted with Stan Pore d/b/a Gulf Coast Claim Recovery ("GCCR"), to advise and assist Respondent in the course of Respondent's claim with Evanston. Respondent's contract with GCCR provided for a contingency fee based on the amount of additional recovery, if any, from Evanston. The contract also specified that GCCR could assign its rights under the contract to a successor corporation and any other entity at the sole

discretion of GCCR. Relator claims that GCCR assigned its rights under the contract to Relator.

Eventually, Respondent hired Lestelle & Lestelle, a Professional Law Corporation ("Lestelle") to file a lawsuit on its behalf against Evanston. After Lestelle filed a petition for damages, the parties settled the claim for $455,000.00. On December 2, 2009, Lestelle filed a petition for concursus proceeding, claiming that Relator and Respondent were each asserting entitlement to $91,000.00 of the settlement proceedings.

Relator filed an answer to the petition for concursus on May 15, 2012, asserting that Mr. Pore and GCCR assigned the contract to Relator. Thus, according to Relator, it was entitled to the settlement proceeds via the assignment. Countering, Respondent filed an answer, exceptions, a cross-claim, and a reconventional demand on June 22, 2012, asserting several defenses to Relator's claim to the concursus amount. Respondent attached evidence that Mr. Pore fled the United States and is currently a fugitive sought by the U.S. Marshal Service in support of its defenses.

Relator filed exceptions, defenses, and answer to reconventional demand and a cross-claim on July 20, 2012, generally denying the allegations asserted by Respondent. On September 11, 2019, Respondent filed an exception of no right of action. Respondent claimed that Relator lacked proof of the assignment of the contract from Mr. Pore and GCCR to Relator. Thus, Respondent concluded, Relator had no right of action.

On December 12, 2020, after Relator filed an opposition to the exception of no cause of action, the trial court rendered judgment, granting the exception of no

2

right of action. From this judgment, Relator filed the instant application for supervisory writ.

## DISCUSSION

As an initial matter, this Court notes that the factors enunciated in *Herlitz Const. Co., Inc. v. Hotel Inv'rs of New Iberia, Inc.*, 396 So.2d 878 (La. 1981) dictate that this Court exercise its supervisory jurisdiction here. In *Herlitz*, the Supreme Court stated:

> When the overruling of the exception is arguably incorrect, when a reversal will terminate the litigation, and when there is no dispute of fact to be resolved, judicial efficiency and fundamental fairness to the litigants dictates that the merits of the application for supervisory writs should be decided in an attempt to avoid the waste of time and expense of a possibly useless trial on the merits. *See Mangin v. Auter*, 360 So.2d 577 (La. App. 4 Cir. 1978).

As discussed more fully below, we find that the trial court's ruling on the exception of no right of action is arguably incorrect and that there is no dispute of fact to be resolved in reviewing the exception of no right of action. Further, judicial efficiency and fundamental fairness to the litigants dictate that this Court decide the merits of the writ application. Accordingly, this Court exercises its supervisory jurisdiction pursuant to *Herlitz*.

### Exception of No Right of Action

The exception of no right of action, "or no interest in the plaintiff to institute the suit" is brought by peremptory exception. La. C.C.P. art. 927(A)(6). "The function of an exception of no right of action is to determine whether the plaintiff belongs to the class of persons to whom the law grants the cause of action asserted in the suit." *Hood v. Cotter*, 2008-0215, p. 17 (La. 12/2/08), 5 So.3d 819, 829. "The exception of no right of action questions whether the particular plaintiff has standing to bring the lawsuit, 'but it assumes that the petition states a valid cause of

3

action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation.'" *Downtown Dev. Dist. of City of New Orleans v. City of New Orleans*, 2018-0726, p. 6 (La. App. 4 Cir. 5/8/19), 272 So.3d 917, 924 (quoting *Howard v. Administrators of Tulane Educ. Fund*, 2007-2224, p. 17 (La. 7/1/08), 986 So.2d 47, 60).

The parties may introduce evidence to support or controvert the exception of no right of action. La. C.C.P. art. 931. Notably, on an exception of no right of action, "[t]he exceptor bears the burden of proof, and the no right of action exception assumes that the petition states a valid cause of action." *Hosp. Consultants, LLC v. Angeron*, 2009-1738, p. 6 (La. App. 4 Cir. 6/9/10), 41 So.3d 1236, 1240.

"The exception of no right of action presents a question of law; thus,…appellate review of that exception is *de novo* and involves determining whether the trial court was legally correct in sustaining such exception." *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 6 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1017 (internal citation omitted).

### Exceptions in Concursus Proceedings

Relator contends that the trial court erred in granting Respondent's exception of no right of action because the law does not permit the filing of an exception in a concursus proceeding, such as this one. Respondent counters that, because Relator did not raise this issue at the trial court, we cannot consider it here. Respondent cites this Court's opinion in *Graubarth v. French Mkt. Corp.*, 2007-0416, p. 5 (La. App. 4 Cir. 10/24/07), 970 So.2d 660, 664, wherein this Court indicated that "[a]ppellate courts generally find it inappropriate to consider an issue

raised for the first time on appeal that was not plead, urged, or addressed in the court below." This argument is without merit as this matter is not before the Court on appeal. Thus, we consider Relator's argument that an exception of no right of action cannot be filed in a concursus proceeding.

A concursus proceeding is defined as a proceeding "in which two or more persons having competing or conflicting claims to money . . . are impleaded and required to assert their respective claims contradictorily against all other parties to the proceeding." *McClean v. Majestic Mortuary Servs., Inc.*, 2011-1166, p. 7 (La. App. 5 Cir. 5/22/12), 96 So.3d 571, 576. Thus, "a concursus proceeding is a special type of proceeding, in which the plaintiff's liability is limited to the amount of funds deposited in the registry of the court…[and] [t]he issues are limited to various defendants proving their rights to a specific sum of money." *Id.*, 2011-1166, p. 8, 96 So.3d at 576.

Importantly, La. C.C.P. art. 4656 provides:

Each defendant in a concursus proceeding is considered as being both a plaintiff and a defendant with respect to all other parties. No exceptions or responsive pleadings may be filed to the answer of a defendant, and every fact alleged therein is considered as denied or avoided by effect of law as to all other parties. If a defendant fails to answer, issue need not be joined by default.

Respondent makes two arguments that the trial court properly granted its exception of no right of action. First, Respondent claims that La. C.C.P. art. 4656 does not prohibit the exception it filed against the Relator. Second, Respondent claims that it filed the exception against Relator in Relator's position as a plaintiff, not a defendant. Respondent notes that concursus proceedings are meant to be adjudicated quickly; thus, Respondent maintains that its peremptory exception of

no right of action, unlike a dilatory or declinatory exception, allows the process to be streamlined and not result in unnecessary delay.

Respondent's argument is disingenuous. The concursus petition was filed in this matter in 2009. After discovery, Respondent filed a motion for summary judgment arguing that Relator was not entitled to the proceeds. In the exception, however, Respondent argued instead that Relator lacked a right to the proceeds. Thus, Respondent's own filings have resulted in delay.

Further, while the defendant in a concursus is considered both a plaintiff and a defendant, there is nothing to support the argument that the exception was filed in response to Relator's position as a plaintiff. As was done in this case, parties named as defendants in concursus proceedings file answers to the petition in the concursus proceeding. At a hearing on the merits, each "defendant" would then argue entitlement to the proceeds. Therefore, each defendant is also considered a plaintiff in relation to the other defendants in the proceeding.

This transforms the answer of each defendant into its own petition or incidental action to which a party could properly file an exception. La. C.C.P. art. 4656 specifies, however, that no exception may be filed to the answer of a defendant. Comment (C) to La. C.C.P. art. 4656 notes that "[n]othing in the above article prevents a defendant from excepting to the plaintiff's petition, to raise the objections of lack of jurisdiction, improper venue, no right to implead the defendants, and so forth." Accordingly, La. C.C.P. art. 4656 limits the filing of exceptions in this instance, only allowing them to be filed in response to the petition to institute the concursus proceeding. Here, Respondent filed an answer to the petition to institute the concursus proceeding, asserting defenses to Relator's entitlement to the settlement proceeds. Thereafter, Respondent filed an exception

6

of no right of action to Relator's answer wherein Relator asserted its entitlement to the proceeds. Thus, Respondent's argument that it filed the exception of no right of action in response to Relator's status as a plaintiff is not supported by La. C.C.P. art. 4656 or by the record. Instead, Respondent's exception of no right of action to Relator's answer is prohibited by the plain wording of La. C.C.P. art. 4656. Accordingly, we find that the trial court erred in granting Respondent's exception of no right of action. We reverse the trial court's judgment and render judgment denying the exception of no right of action.

## DECREE

For the foregoing reasons, we grant Relator's writ application and reverse the trial court's judgment granting Respondent's exception of no right of action. We render judgment denying Respondent's exception of no right of action.


**WRIT GRANTED; JUDGMENT REVERSED AND RENDERED**