PIRCO, LLC

VERSUS

RKRT REAL ESTATE INVESTORS, LLC AND
ROBERT E. TILLMAN

NO. 25-C-435

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Linda Tran
First Deputy, Clerk of Court

September 24, 2025

Linda Tran
First Deputy Clerk

**IN RE** RKRT REAL ESTATE INVESTORS, LLC AND ROBERT E. TILLMAN

**APPLYING FOR** SUPERVISORY WRIT FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT,
PARISH OF JEFFERSON, STATE OF LOUISIANA, DIRECTED TO THE HONORABLE DONALD L. FORET,
DIVISION "H", NUMBER 852-934

Panel composed of Judges John J. Molaison, Jr.,
Scott U. Schlegel, and Timothy S. Marcel

**WRIT DENIED**

Defendants, RKRT Real Estate Investors, LLC and Robert E. Tillman, seek

review of the district court's August 27, 2025, denial of their exception of

improper venue. Defendants contend that this matter involves a security interest in

immovable properties located in New Orleans. Thus, they contend that venue is

mandatory in Orleans Parish pursuant to La. C.C.P. art. 80.

Plaintiff, Pirco, LLC, filed a second amended petition against defendants

seeking to recover on a promissory note wherein the parties agreed that the loan

would become due with ten percent (10%) interest when any one of three

properties located in Orleans Parish sold. The note further provided that if none of

the three properties sold prior to March 31, 2020, the loan would be payable in 12

monthly installments. Pirco alleged that one of the three properties sold on

January 31, 2020, but defendants failed to repay the loan in full. Pirco further

alleged that venue is proper in Jefferson Parish pursuant to 1) La. C.C.P. art. 74.4

because the promissory note/open account was executed/created in Jefferson Parish; and 2) La. C.C.P. art. 76.1 because the contract was executed in Jefferson Parish.

In response to the second amended petition, defendants filed an exception of improper venue alleging that this matter involves a security interest in immovable properties located in New Orleans. Defendants argued that pursuant to La. C.C.P. art. 80, venue is proper in Orleans Parish because "defendant is domiciled in Orleans Parish and the immovable property is located in Orleans Parish."[1] Defendants further argued that La. C.C.P. art. 45 provides that Article 80 governs venue exclusively if it conflicts with Articles 71 through 77.[2]

The exception of improper venue presents a legal question that we review under a *de novo* standard. *McLean v. Majestic Mortuary Servs., Inc.*, 11-1166 (La. App. 5 Cir. 5/22/12), 96 So.3d 571, 575. The second amended petition seeks to recover a sum of money based on a promissory note. The sales of immovable property mentioned in the note serve as conditions for when and how the loan must be repaid. But the note does not contain any language that would create an interest or right in favor of Pirco in any of the immovable properties. Thus, the district court correctly determined that the venue provision for actions involving immovable property (Article 80) does not apply to this matter.

---

[1] La. C.C.P. art. 80 provides in pertinent part:

    A. The following actions may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled:

        (1) An action to assert an interest in immovable property, or a right in, to, or against immovable property.

[2] La. C.C.P. art. 45 provides in pertinent part that:

    The following rules determine the proper venue in cases where two or more articles in this Chapter may conflict:

    (1) Article 78, 79, 80, 81, 82, 83, 84, 86, or 87 governs the venue exclusively, if this article conflicts with any of Articles 42 and 71 through 77.

Accordingly, on the showing made, we find that the district court did not err by denying the exception of improper venue filed by defendants, RKRT Real Estate Investors, LLC and Robert E. Tillman.  This writ application is denied.

Gretna, Louisiana, this 24th day of September, 2025.

**SUS**
**JJM**
**TSM**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. TRAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF DISPOSITION CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE DISPOSITION IN THE FOREGOING MATTER HAS BEEN TRANSMITTED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 4-6** THIS DAY **09/24/2025** TO THE TRIAL JUDGE, THE TRIAL COURT CLERK OF COURT, AND AT LEAST ONE OF THE COUNSEL OF RECORD FOR EACH PARTY, AND TO EACH PARTY NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

**25-C-435**

### E-NOTIFIED

24th Judicial District Court (Clerk)
Honorable Donald L. Foret (DISTRICT JUDGE)
No Attorney(s) were ENOTIFIED

### MAILED

Olaseni E. Moore (Relator)
Attorney at Law
3805 Houma Boulevard
Metairie, LA 70006

Amanda D. Hogue (Respondent)
Attorney at Law
One Galleria Bouelvard
Suite 1100
Metairie, LA 70001